The F. & M. SCHAEFER CORPORATION and the F. & M. Schaefer Brewing Company, Plaintiffs,

v.

C. SCHMIDT & SONS, INC. and Citibank, N.A. as Successor Trustee, Defendants.

No. 78 Civ. 1613 (VLB).

United States District Court, S. D. New York.

Aug. 24, 1979.

---

2. See 5th Circuit Local Rule 17.

See also, 2 Cir., 597 F.2d 814.

Rogers & Wells, New York City, for plaintiffs.

Golenbock & Barell, New York City, for defendant C. Schmidt & Sons, Inc.

Shearman & Sterling, New York City, for defendant Citibank, N.A.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I.

The F. & M. Schaefer Corporation and the F. & M. Schaefer Brewing Company (collectively "Schaefer" or "plaintiff") filed a motion under Section 16 of the Clayton Act, 15 U.S.C. Section 26, preliminarily to enjoin C. Schmidt & Sons ("Schmidt" or "defendant") and Citibank N.A. from consummating a Note Purchase Agreement. The terms of the Agreement provided for the sale to Schmidt of notes which are convertible into shares of Schaefer; upon conversion the holder would possess approximately 30% of the outstanding shares of Schaefer. Schaefer argued that the action of Schmidt was in violation of the antitrust laws, specifically Sections 1 and 2 of the Sherman Act, 15 U.S.C. Sections 1 and 2, and Section 7 of the Clayton Act, 15 U.S.C. Section 18.

An evidentiary hearing was held before me. In a memorandum order of December 4, 1978, I granted Schaefer's motion and enjoined Schmidt, pending a final trial, from any activities which would confer on Schmidt any degree of control over Schaefer, including the consummation of the Note Purchase Agreement. The memorandum order also enjoined Schmidt from acquiring or attempting to acquire any common stock or other securities of Schaefer, from obtaining or soliciting proxies to vote stock of Schaefer, and from voting or otherwise exercising any indicia of control over any stock or other securities of Schaefer. The Court of Appeals affirmed (597 F.2d

814 (2d Cir. 1979)). Thereafter Schmidt assigned its rights under the Note Purchase to Stroh Brewery Company, which produces and markets beer in another part of the country and is not competitive with Schaefer.

This action is now before me on plaintiff's motion for costs and an attorney's fee pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26 ("Section 16").

## II.

Section 16 was amended by the addition of a provision with respect to costs and an attorney's fee after, and in response to, the decision of the Supreme Court in *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).[1] In *Alyeska,* the Supreme Court held that, with a few narrow exceptions, the federal courts have no power to award attorneys' fees in the absence of specific statutory authority.

Section 16 now provides in pertinent part:

In any action under this section in which the plaintiff substantially prevails, the court shall award the cost of the suit, including a reasonable attorney's fee, to such plaintiff.

The dispositive question is whether plaintiff has "substantially prevailed."[2] There is no indication in either the statute or the legislative history of the meaning of the phrase "substantially prevails."

Other statutes contain language similar to that contained in Section 16. Thus under the Freedom of Information Act, 5 U.S.C. Section 552a(g)(3)(B), "[t]he court may assess . . . reasonable attorney fees . . . in any case . . . in which the complainant substantially prevailed." Under 42 U.S.C. Section 1988, in certain designated civil actions and proceedings " . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."

## III.

Defendant argues that cases which have construed these other statutes are inapposite because the language of those statutes is permissive, while the language in Section 16 is mandatory; if the court, in a Section 16 case, finds that the plaintiff substantially prevailed, the court has no discretion and

---

1. Section 16 of Title 15 was amended by PL 94–435 to add the provision with respect to costs and "a reasonable attorney's fee." House Report 94–499, pertaining to the Hart-Scott-Rodino Antitrust Improvements Act of 1976, points out that the provision was intended to be responsive to *Alyeska* :

     The antitrust laws clearly reflect the national policy of encouraging private parties (whether consumers, businesses, or possible competitors) to help enforce the antitrust laws in order to protect competition through compensation of antitrust victims, through punishment of antitrust violators, and through deterrence of antitrust violations. Litigation by "private attorneys general" for monetary relief and for injunctive relief has frequently proved to be an effective enforcement tool. *Alyeska,* however, has apparently eliminated the possibility that prevailing plaintiffs can recover attorneys' fees in meritorious and successful injunction cases. As such, *Alyeska* creates a significant deterrent to potential plaintiffs bringing and maintaining lawsuits to enjoin antitrust violations. Without the opportunity to recover attorneys' fees in the event of winning their cases, many persons and corporations would be un-

able to afford or unwilling to bring antitrust injunction cases.

     Indeed, the need for the awarding of attorneys' fees in § 16 injunction cases is greater than the need in § 4 treble damage cases. In damage cases, a prevailing plaintiff recovers compensation, at least. In injunction cases, however, without the shifting of attorneys' fees, a plaintiff with a deserving case would personally have to pay the very high price of obtaining judicial enforcement of the law and of the important national policies the antitrust laws reflect. A prevailing plaintiff should not have to bear such an expense. Section 3(3) of H.R. 8532, therefore, is intended to reiterate congressional encouragement for private parties to bring and maintain meritorious antitrust injunction cases. Under this section, a plaintiff who substantially prevails would be entitled to the award of "reasonable attorneys' fees."

3 U.S.Code Congressional and Administrative News 1976, pp. 2572, 2589.

2. The parties have not cited to me any cases in which a court has interpreted, in the context of a preliminary injunction, the "substantially prevails" language of Section 16.

*must* award an attorney's fee. I reject this argument. Whether the provision with respect to award of an attorney's fee is mandatory or permissive, the award, or the possibility of an award, follows a determination that plaintiff substantially prevailed. The award, if there is one, responds to the determination that plaintiff substantially prevailed; it is not part of that determination.

Defendant urges that costs and an attorney's fee cannot be awarded to plaintiff because in the operative stages of the case no prevailing party was identified. Thus the preliminary injunction was issued predicated upon findings of possible irreparable harm and sufficiently serious questions going to the merits to make them a fair ground for litigation *and* a balance of hardships tipping decidedly toward Schaefer. *See Caulfield v. The Board of Education of the City of New York,* 583 F.2d 605, 610 (2d Cir. 1978).

Defendant pointedly notes that I did not find that there was a probability that Schaefer would succeed on the merits, and suggests that my failure to do so precludes a finding that Schaefer is the prevailing party.

I reject the suggestion. The time to determine who was the prevailing party is now, when the action has been concluded (in whatever fashion) and relief is sought which requires such a determination. The findings which were made on the motion for a preliminary injunction were made in the context of that motion; those findings are not the outer parameters of considerations, and findings which may be made, in the context of a motion for an award of an attorney's fee. The finding on the basis of litigable questions rather than probability of success was appropriate in the context of the case at that time and in my judgment would be appropriate in all instances where such a finding can be made, because the court should make only such findings as are necessary to a grant of preliminary relief. If Schmidt's argument were accepted, determination of a motion for preliminary relief would improperly be clouded with consideration of the prospect that there may be a future motion for an award of an attorney's fee; the court would *sub silentio* be deciding an issue which was not then before it.

## IV.

■ The appropriate benchmarks in determining which party prevailed are a) the situation immediately prior to the commencement of suit, and b) the situation today, and the role, if any, played by the litigation in effecting any changes between the two.[3]

3. *See Bonnes v. Long,* 599 F.2d 1316 (4th Cir. 1979). In *Bonnes v. Long,* an action brought under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. Section 1988, the Court of Appeals remanded the case to the District Court to determine whether attorneys' fees should be awarded to plaintiff (at 1319):

> In remanding, we offer these observations for possible guidance to the district courts in making the sometimes difficult inquiry and providing the necessary record for informed appellate review that is required by the controlling fee award legislation. If, as in this case, there is initially a genuine dispute as to whether the plaintiff fee claimant is a "prevailing party," inquiry on that question might well proceed first. This inquiry is properly a pragmatic one of both fact and law that will ordinarily range outside the merits of the basic controversy. Its initial focus might well be on establishing the precise factual/legal condition that the fee claimant has sought to change or affect so as to gain a benefit or be relieved of a burden. With this condition taken as a benchmark, inquiry may then turn to whether as a quite practical matter the outcome, in whatever form it is realized, is one to which the plaintiff fee claimant's efforts contributed in a significant way, and which does involve an actual conferral of benefit or relief from burden when measured against the benchmark condition. (Citations omitted).

In *Vermont Low Income Advocacy Council, Inc. v. Usery,* 546 F.2d 509, 513 (2d Cir. 1976), the Court of Appeals indicated that attorney fees may be awarded under the Freedom of Information Act in a case where plaintiff has not obtained a final judgment if plaintiff's action was necessary and effected the desired result.

> [U]nder the bill [the Freedom of Information Act] as enacted a judgment is not an absolute prerequisite to such an award [of attorney fees] . . . . .

Immediately prior to the commencement of the action Schmidt, a leading competitor of Schaefer in Schaefer's major beer distribution markets of Philadelphia and New York, was on the verge of consummating a Note Purchase Agreement which, when consummated, would place in its hands notes of Schaefer convertible into some 30 percent of Schaefer's common stock. Today there is no possibility that the Note Purchase Agreement will be consummated by Schmidt: Schmidt has, in fact, assigned all its rights under the Note Purchase Agreement to another entity which is not a competitor of Schaefer.

Schmidt was in the first instance prevented from consummating the Note Purchase Agreement by the bringing of this action, in the initial stages of which an application was successfully prosecuted for an order preliminarily enjoining execution of the Note Purchase Agreement. The hearing on the application lasted some 19 days, and it is to be doubted that a plenary trial, if had, would have added very much to the evidence before me as fact-finder. (*See* Rule 65(a)(2), Fed.R.Civ.P.).

When the Court of Appeals affirmed the order granting the preliminary injunction, Schmidt assigned its rights under the Note Purchase Agreement to a purchaser acceptable to Schaefer and non-competitive with Schaefer. Given the vigor with which Schmidt opposed Schaefer's preliminary injunction application it is clear to me that Schmidt withdrew from the lists because it considered my memorandum order granting the preliminary injunction and the Court of Appeals opinion affirming that order, and realistically assessed its chances of success in a plenary trial as extremely remote.

Thus the situation currently existing—i. e., that Schmidt, a leading competitor, no longer is in a position to threaten to acquire a large block of Schaefer shares and through the acquisition to lessen competition in the beer industry—resulted from Schaefer's prosecution of this action, and would not have resulted if Schaefer had not prosecuted this action.

I find, therefore, that Schaefer has "substantially prevailed" in this litigation, and is entitled to costs and an attorney's fee.

## V.

Plaintiff shall recover from defendant the cost of the suit, including a reasonable attorney's fee.

This action is referred to Magistrate Harold J. Raby for the purpose of conducting a hearing on the issue of a reasonable attorney's fee and submitting to me a Report and Recommendation on an appropriate attorney's fee award.

SO ORDERED.

In order to obtain an award of attorney fees in an FOIA action, a plaintiff must show at minimum that the prosecution of the action could reasonably have been regarded as necessary and that the action had substantial causative effect on [the desired result]. The Court of Appeals in *Vermont Low Income Advocacy Council, Inc. v. Usery,* affirmed the denial of an award of attorney fees. The Court of Appeals held that defendant would have supplied the information requested in the absence of plaintiff's action and therefore, the prosecution was neither reasonably necessary nor a substantial causative effect on the delivery of the information, but rather the lawsuit was "a rush to the courthouse door." 546 F.2d at 513.