**HARNISCHFEGER CORPORATION, Plaintiff,**

v.

**PACCAR, INC., Paccar Machinery Corporation, Charles M. Pigott, James C. Pigott, Citicorp, and Citibank, N.A., Defendants.**

No. 79–C–441.

United States District Court, E. D. Wisconsin.

Nov. 6, 1980.

Michael E. Husmann, Michael, Best & Friedrich, Milwaukee, Wis., Walter T. Kuhlmey, Kirkland & Ellis, Chicago, Ill., for plaintiff.

David A. Baker, Foley & Lardner, Milwaukee, Wis., for Paccar.

Bruce R. Bauer, Quarles & Brady, Milwaukee, Wis., for Citicorp.

## MEMORANDUM AND ORDER

WARREN, District Judge.

The question before the Court on this motion for attorneys' fees is whether plaintiff, who obtained a preliminary injunction against a corporate takeover and had that preliminary injunction affirmed on appeal, has "substantially prevailed" in this action within the meaning of that phrase in Section 16 of the Clayton Act. Subsequent to affirmance of the Court's granting of the preliminary injunction but prior to the trial on the merits of the underlying complaint, the parties agreed to a dismissal of the case.

### I. PROCEDURAL BACKGROUND

On June 11, 1979, defendant Paccar, Inc. announced that it intended to make a tender offer for all the outstanding shares of plaintiff's stock. Three days later, on June 14, 1979, plaintiff responded to the announcement by filing the complaint in the above-entitled action and a motion for a preliminary injunction. The complaint alleged violations of section 14 of the Securities Exchange Act of 1934, 15 U.S.C. § 78n, section 7 of the Clayton Act, 15 U.S.C. § 18 and breaches of fiduciary duties by defendants Citibank, N.A. and Citicorp.

A two-day evidentiary hearing was held on plaintiff's motion for a preliminary injunction on June 28 and June 29, 1979. At the conclusion of that hearing, the Court

rendered an oral decision enjoining Paccar, Inc., Paccar Machinery Corporation, Charles M. Pigott and James C. Pigott from taking any action in furtherance of their plan to acquire shares of Harnischfeger. A written opinion stating in more detail the reasons for the Court's decision was issued July 10, 1979. Paccar filed its notice of appeal that same day.

On November 19, 1979, the United States Court of Appeals for the Seventh Circuit affirmed the order granting the preliminary injunction. On November 30, 1979, Paccar announced that it had withdrawn its proposed tender offer for the shares of Harnischfeger Corporation. Plaintiff's motion for attorneys' fees was filed on January 23, 1980. (After the parties had briefed their positions, defendants requested permission to file an additional brief. That request will be denied because the Court is satisfied that the original briefs state the parties' positions adequately.)

In its memorandum and order of July 10, 1979, the Court examined plaintiff's motion for a preliminary injunction in light of the four factors set out in *Fox Valley Harvestore, Inc. v. A. O. Smith Harvestore Products*, 545 F.2d 1096, 1097 (7th Cir. 1976). The Court had little trouble in finding that plaintiff had satisfied three of the requirements—*i. e.*, that it had no adequate remedy at law and would be irreparably harmed if the injunction were not issued; that the threatened injury to the plaintiff outweighed any injury the injunction may have inflicted on defendant Paccar; and that the granting of the injunction would not disserve the public interest. The Court then turned to the final factor and discussed whether plaintiff had demonstrated a reasonable likelihood that it would succeed on the merits of its claims.

After detailed discussion, the Court concluded that plaintiff had not demonstrated a reasonable likelihood of succeeding on the merits of its claims that defendants Citicorp and Citibank had breached their alleged fiduciary duties nor on its claim that defendant Paccar had violated the Security Exchange Act of 1934. The Court did find,

however, that plaintiff had demonstrated that there existed a reasonable likelihood that it would succeed on the merits of its claim that the proposed acquisition would violate Section 7 of the Clayton Act, 15 U.S.C. § 18. It is the Court's holding regarding the likelihood of success on plaintiff's Clayton Act claim upon which plaintiff bases its motion for attorneys' fees.

## II. ATTORNEYS' FEES UNDER SECTION 16

Section 16 of the Clayton Act, 15 U.S.C. § 26 ("Section 16") provides in pertinent part:

> In any action under this section in which the plaintiff substantially prevails, the court shall award the cost of the suit, including a reasonable attorney's fee, to such plaintiff.

Plaintiff contends that it substantially prevailed in this action since it was successful in preventing Paccar from accomplishing its objective of a corporate takeover. Paccar argues that plaintiff did not "substantially prevail" in this action and thus is not entitled to attorneys' fees.

The question whether a party who has obtained a preliminary injunction but not a final judgment on the merits is entitled to attorneys' fees under Section 16 of the Clayton Act is one which has apparently never been addressed in the Seventh Circuit. In fact, the parties have directed the Court's attention to only one case in which the issue has been addressed, *F&M Schaefer Corp. v. C. Schmidt & Sons, Inc.*, 476 F.Supp. 203 (S.D.N.Y.1979).

In *Schaefer*, Judge Broderick of the Southern District of New York ruled that the plaintiffs, who obtained a preliminary injunction against a corporate takeover and had the preliminary injunction affirmed on appeal, had substantially prevailed under Section 16 and were thus entitled to their costs and reasonable attorneys' fees. In reaching that decision, the Court adopted a practical approach for determining whether a party in a Clayton Act injunction action should be allowed attorneys' fees as the "substantially prevailing" party:

[T]he appropriate benchmarks in determining which party prevailed are (a) the situation immediately prior to the commencement of the suit, and (b) the situation today, and the role, if any, played by the litigation in effecting any changes between the two.

Despite the apparent similarity between *Schaefer* and the case at hand, Paccar contends that the two cases are distinguishable. It argues that the nineteen-day hearing in *Schaefer* made its decision much closer to a judgment on the merits than the decision here which was made after only a two-day hearing.

The Court finds Paccar's argument unpersuasive. That the hearing in Paccar lasted nineteen days had nothing to do with the Court's decision to award attorneys' fees; the decision was based on the application of the benchmarks for determining whether plaintiff was the prevailing party.

▮ Paccar also presents several arguments not addressed in *Schaefer*. First, it relies on Section 54(d) of the Federal Rules of Civil Procedure in support of its contention that a party must obtain a judgment on the merits before obtaining attorneys' fees. Rule 54(d) states:

> (d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . .

Paccar asserts that because courts have repeatedly held that the term "prevailing party" in Rule 54(d) applies only to situations where a party has obtained a judgment in the district court, a final judgment is necessary to obtain attorneys' fees under Section 16. The Court does not agree. Although Paccar's statement is true, it is true only because it states the *general rule—i. e.*, that a prevailing party is the party in whose favor judgment is rendered by the district court. Because plaintiff in this action obtained all the relief it sought before a final judgment could be reached, the Court will not apply the general rule.

▮ Second, Paccar argues that attorneys' fees should not be awarded under Section 16 unless there is a judgment on the merits because attorneys' fees are not allowed under Section 4 of the Clayton Act unless there is a judgment on the merits. Paccar's argument that Section 16 must be construed *in pari materia* with Section 4 fails for the simple reason that the language between the two sections is different. Had Congress intended to establish the same standard for recovering attorneys' fees under the two sections, it could have used the same language or specifically stated in Section 16 that no attorneys' fees would be allowed unless a party obtained permanent relief. Congress' decision to forego those options indicates to this Court that a final judgment is not a prerequisite for a recovery of attorneys' fees under Section 16. Consequently, the Court adopts the benchmarks employed by Judge Broderick in *Schaefer* for determining whether a party is a prevailing party under Section 16.

## III. APPLICATION OF BENCHMARKS

▮ Applying the *Schaefer* benchmarks to the case at bar, the Court holds that Harnischfeger substantially prevailed in this action and is entitled to attorneys' fees. Immediately prior to the commencement of this action, Paccar was in the process of attempting a corporate takeover through stock purchases. That takeover attempt was halted when Harnischfeger was granted a preliminary injunction by this Court and was completely abandoned less than two weeks after the Seventh Circuit upheld this Court's decision.

Paccar's contention that Harnischfeger's economic woes caused it to abandon the takeover attempt is too incredulous to accept in light of the timing of the decision to abandon the takeover attempt. Its argument that the decisions were only temporary setbacks which could have been reversed at trial must also be rejected because it is contradicted by the statement it made in its request for an expedited schedule for appeal:

As was acknowledged by the District Court in its decision, its injunction, although denominated 'preliminary,' amounted to *permanent* relief in that it will kill the proposed tender offer ... [Memorandum of Law in Support of Defendants-Appellants' Motion for an Expedited Appeal and for Stay Pending Such Appeal, at p. 2; emphasis in original.]

Having found that Harnischfeger substantially prevailed and is entitled to attorneys' fees, the Court will now address the other issue presented in the parties' briefs.

## IV. LIABILITY OF INDIVIDUAL DEFENDANTS

■ In the Court's memorandum and order of July 10, 1979, the Court enjoined Paccar, Inc., Paccar Machinery Corporation, Charles M. Pigott, and James C. Pigott from taking any action in furtherance of their plan to acquire shares of Harnischfeger. It is Paccar's contention here that the individual defendants are not liable for attorneys' fees. It asserts that Harnischfeger could never substantially prevail against the individuals under Section 7 of the Clayton Act because that section applies only to corporations. Harnischfeger had not addressed this argument.

The Court agrees with Paccar. Since Section 7 does not apply to individual defendants, it would be inconsistent to allow a party to collect attorneys' fees against individuals under Section 16. Accordingly, no attorneys' fees shall be assessed against the individual defendants.

## V. FEES FOR LEGAL ASSISTANTS

■ Section 16 permits the recovery of "a reasonable attorney's fee." Paccar contends that this language precludes the Court from awarding fees for legal assistants. It argues that the great weight of authority construing Section 4 of the Clayton Act holds that the fees of "legal assistants" are not recoverable as attorneys' fees and thus should not be recoverable under Section 16.

Harnischfeger argues that the better reasoned decisions have recognized that legal assistants perform tasks traditionally performed by young attorneys and thus have allowed recovery of those fees in antitrust cases. See, *Pacific Coast Agricultural Export Assn. v. Sunkist Growers*, 1973–1 Trade Cas. ¶ 74,523 at 94,345 (N.D.Cal.1973), aff'd. 526 F.2d 1196, 1210 (9th Cir. 1975), cert. denied 425 U.S. 959, 96 S.Ct. 1741, 48 L.Ed.2d 204 (1976); *In re Anthracite Coal Antitrust Litigation*, 81 F.R.D. 499 (M.D.Pa. 1979); *In re Armored Car Antitrust Litigation*, 472 F.Supp. 1357 (N.D.Ga.1979); *In re Ampicillin Antitrust Litigation*, 81 F.R.D. 395 (D.D.C.1978).

The Court is of the opinion that legal assistant fees should be recoverable when they are legitimate costs incurred in litigation. In the instant case, the Court finds that the legal assistant fees were a legitimate cost incurred in the litigation. Consequently, Harnischfeger will be able to recover those fees to the extent it can show they were reasonable.

## VI. HEARING

Paccar correctly notes that Harnischfeger should be entitled to recover only those portions of its time spent on the antitrust portion of this action. Because the affidavits supplied by plaintiff do not adequately supply the Court with the information needed to determine what that amount should be the Court will hold an evidentiary hearing on Friday, January 9, 1981 to determine the proper recovery. If the parties wish to conduct discovery prior to the hearing, they should attempt to establish a suitable procedure before turning to the Court for assistance.

Finally, the parties' dispute over the proper presentation of costs need not be resolved now since that issue can be resolved at the evidentiary hearing.

In summary, the Court hereby orders that plaintiff's motion for attorney's fees be granted.

It is further ordered that a hearing be held on Friday, January 9, 1981, at 10:00 A.M., to determine the proper amount of fees recoverable.