The AETNA CASUALTY AND SURETY COMPANY, Plaintiff,

v.

Stuart E. LIEBOWITZ, et al., Defendants.

No. CV 81–2616.

United States District Court, E.D. New York.

July 11, 1983.

Kornstein, Meister & Veisz by Marvin Wexler, New York City, for plaintiff.

Pollner, Mezan & Stolzberg by Martin R. Pollner, New York City, for defendant Liebowitz.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, Circuit Judge: *

Plaintiff Aetna Casualty and Surety Company seeks an award of attorney's fees and costs pursuant to 18 U.S.C. § 1964(c). Aetna commenced this lawsuit in 1981 against defendant Liebowitz, an insurance broker, alleging that he had converted to his own use moneys paid to him by insurance applicants for the purpose of obtaining automobile insurance from Aetna through New York State's assigned risk pool. The complaint alleged that defendant's actions violated § 1962 of the Organized Crime Control Act of 1970, 18 U.S.C. §§ 1961–1968 (RICO), and that plaintiff was entitled to treble damages pursuant to 18 U.S.C. § 1964(c). In addition, Aetna alleged several pendent state claims, including breach of contract and conversion.

Aetna moved for a preliminary injunction seeking an order requiring that defendant make all payments on policies assigned under the New York Automobile Insurance Plan by certified check or money order. After a hearing, the court granted the motion for preliminary relief. R. at 708–20 (December 8, 1981).

After further discovery, the parties reached a settlement whereby Liebowitz was permanently enjoined from participating in the insurance business in any manner and would pay Aetna $100,000 on or before October 21, 1982. Liebowitz consented to the entry of a judgment in favor of Aetna in the amount of $160,000, which Aetna agreed not to collect unless Liebowitz defaulted in his payment of the $100,000 amount. The settlement also provided that Aetna would apply for attorney's fees and costs but would not attempt to collect any fee award unless and until Liebowitz defaulted on his $100,000 payment. On October 23, 1982, Aetna notified the court that defendant had failed to make this payment, and Aetna is attempting to enforce its judgment in the amount of $160,000. In addition, by this motion Aetna seeks an award of attorney's fees.

Aetna's position on the instant motion is that the court's grant of the preliminary injunction and the entry of the consent judgment under the terms of the settlement agreement each provide a basis for an award of attorney's fees under § 1964(c). Defendant argues that (1) since plaintiff, as a private party, was not entitled to a preliminary injunction under § 1964, the injunction does not provide a ground for a fee award, and (2) a private party may only obtain a fee award under § 1964(c) if it has recovered the treble damages provided for in that section.

An examination of the language of 18 U.S.C. § 1964(c), as well as the legislative history of RICO, and the case law under analogous sections of the antitrust statutes leads the court to conclude that Aetna is not entitled to an award of fees in this case. However, before discussing the basis for this determination, the court turns first to the threshold issue of whether a private party may obtain a preliminary injunction under § 1964.

*Injunctive Relief Under § 1964.*

The civil remedy provision of RICO, 18 U.S.C. § 1964, provides in pertinent part:

(a) The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

(b) The Attorney General may institute proceedings under this section. In any action brought by the United States under this section, the court shall proceed as

---

* Of the U.S. Court of Appeals, Second Circuit, sitting by designation.

soon as practicable to the hearing and determination thereof. Pending final determination thereof, the court may at any time enter such restraining orders or prohibitions, or take such other actions, including the acceptance of satisfactory performance bonds, as it shall deem proper.

(c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover three-fold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

     \*     \*     \*     \*     \*     \*

On its face, the section does provide for injunctive relief pending a final determination in suits brought by the attorney general. § 1964(b). Such relief, however, is unusual because the attorney general is not required to show irreparable injury or the inadequacy of a remedy at law. *United States v. Cappetto,* 502 F.2d 1351, 1358–59 (7th Cir.1974), *cert. denied,* 420 U.S. 925, 95 S.Ct. 1121, 43 L.Ed.2d 395 (1975). Early in the history of this litigation, the court indicated that § 1964(b) relief was not available where the plaintiff was a private party such as Aetna, and both parties now agree that § 1964(b) is applicable only to proceedings instituted by the attorney general.

The preliminary injunction granted in this case, however, was entered after a finding that Aetna had met the traditional standards for obtaining a preliminary injunction in this circuit. *Jack Kahn Music Co. v. Baldwin Piano & Organ Co.,* 604 F.2d 755, 758 (2d Cir.1979); *Caulfield v. Board of Education of the City of New York,* 583 F.2d 605, 610 (2d Cir.1978). The court found that plaintiff had established that it was suffering irreparable injury as a result of defendant's actions and that it had established a likelihood of success on its claim that defendant had violated 18 U.S.C. § 1962 through a pattern of racketeering activity, *i.e.,* through at least two violations of the mail fraud statute, 18 U.S.C. § 1341. In addition, although it was not necessary to support the granting of the preliminary injunction, the court also found that the balance of hardships tipped decidedly in favor of Aetna. R. at 708–14. Although the court did not make specific findings with respect to Aetna's state law claims, there was ample evidence in the record to support a finding of likelihood of success on the merits of those claims as well. Because defendant did not appeal the court's injunction order, and because the court concludes that, in any event, the statute does not permit an award of attorney's fees to Aetna, analysis of whether plaintiff was entitled to injunctive relief under § 1964 is not, strictly speaking, necessary for a determination of this motion.

Nevertheless, the court notes that, although § 1964(c) states only that a private party may sue for treble damages, § 1964(a) gives the court broad jurisdiction to remedy violations of § 1962 "by issuing appropriate orders". Nothing in the statute indicates that a preliminary injunction would not be an "appropriate order" within the meaning of § 1964(a). In addition, the fact that Congress did not pass earlier versions of RICO containing provisions for private equitable relief, *see* Strafer, Massumi, & Skolnick, *Civil RICO in the Public Interest: "Everybody's Darling",* 19 Am.Crim.L. Rev. 655, 712–13 (1982), is by no means a clear indication that Congress intended to deprive the district court of its traditional equity jurisdiction to grant preliminary injunctive relief to a plaintiff who could show irreparable injury resulting from a defendant's alleged violation of § 1962.

Cases cited by defendant do not support a contrary conclusion. In *Bennett v. Berg,* 685 F.2d 1053, 1064 (8th Cir.1982), the court specifically left open the question of whether "under such facts as may be developed in this case, \* \* \* equitable relief is available to private plaintiffs pursuant to 18 U.S.C. § 1964 and, if not, whether such relief may be granted under the court's general equitable powers." Similarly, in *Dan River, Inc. v. Icahn,* 701 F.2d 278, 290–92 (4th Cir. 1983), the Fourth Circuit, while stating that "[t]here is substantial doubt whether RICO

grants private parties such as Dan River a cause of action for equitable relief", left the question open because it concluded that the plaintiff had failed to show a likelihood of success on the merits of its RICO claim. And in *Ashland Oil, Inc. v. Gleave,* 540 F.Supp. 81, 84–85 (W.D.N.Y.1982), the court denied plaintiff's motion for an attachment of defendant's assets on the ground that, while the district court has the power to restrain violations of § 1962, plaintiff sought not to prevent a violation of the statute, but rather to prevent defendant from disposing of his assets in order to frustrate a possible judgment. Therefore, whether a preliminary injunction is available to a private party under § 1964 appears at least to be an open question.

*Availability of Attorney's Fees.*

■ Absent specific congressional authority, a court may not award attorney's fees to a successful litigant. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 269–71, 95 S.Ct. 1612, 1627–29, 44 L.Ed.2d 141 (1975). 18 U.S.C. § 1964(c) provides that a "person injured in his business or property by reason of a violation of § 1962 of this chapter may sue therefor * * and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." Aetna argues that this section entitles it to an award of fees because the terms of the consent judgment indicate that it was successful on its RICO claims, and, alternatively, that the grant of the preliminary injunction alone entitles it to an award of fees. Defendant argues, as indicated above, that attorney's fees may be recovered under § 1964(c) only if a plaintiff recovers treble damages. Although an examination of the terms of the settlement, whereby defendant is enjoined from engaging in the insurance business in any manner and agrees to pay Aetna $100,-000, indicates that Aetna is without doubt the prevailing party in this litigation, the court concludes that there is no basis for an award of fees under RICO.

Certain fee-shifting statutes provide for an award of attorney's fees to the "prevailing party". *E.g.,* Equal Access to Justice Act, 28 U.S.C. § 2412(d); Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988; 42 U.S.C. § 2000e–5(k) (attorney's fee provision of Title VII). The case law, as well as the legislative history of those statutes, indicates that one need not litigate such a case through a trial on the merits to be considered a prevailing party under those statutes. *E.g., Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2574–75, 65 L.Ed.2d 653 (1980); *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978); *Foster v. Boorstin,* 561 F.2d 340, 343 (D.C.Cir.1977); *Environmental Defense Fund v. Watt,* 554 F.Supp. 36, 39 (E.D.N.Y.1982); *Parker v. Matthews,* 411 F.Supp. 1059, 1064 (D.D.C. 1976), *aff'd,* 561 F.2d 320 (D.C.Cir.1977). Under each of these statutes, a party may be awarded fees if it has obtained a favorable settlement.

However, the language of § 1964(c) does not provide for a fee award to a "prevailing party" but rather to a "person injured in his business or property". While the case law interpreting § 1964 yields no clue as to whether a plaintiff who obtains a favorable settlement is entitled to an award of attorney's fees, some guidance may be found in the legislative history of RICO and in the fact that the language of § 1964(c) is virtually identical to that found in § 4 of the Clayton Act, 15 U.S.C. § 15.

The antitrust laws provided a major influence on the statutory scheme embodied in RICO, *see United States v. Anderson,* 626 F.2d 1358, 1368 (8th Cir.1980), *cert. denied,* 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1981); *see also* Strafer, Massumi, & Skolnick, *supra* at 699–704. Indeed, the treble damage provision of § 1964 was modeled on § 4 of the Clayton Act. *See, e.g.,* 113 Cong. Rec.S. 17999 (daily ed. June 29, 1967) (remarks of Senator Hruska) ("The antitrust laws now provide a well established vehicle for attacking anticompetitive activity of all kinds. * * * These extraordinarily broad and flexible remedies ought to be used more extensively against the 'legitimate' business activities of organized crime.")

Section 4 of the Clayton Act closely parallels the RICO statute in providing

[a]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee. (Underscored language is identical to RICO's.)

15 U.S.C. § 15(a) (Supp. V. 1981). It has been well settled that § 4 of the Clayton Act does not authorize a fee award to a plaintiff who settles his claim. *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 468–69 (2d Cir.1974); *Decorative Stone Co. v. Building Trades Council*, 23 F.2d 426, 428 (2d Cir.), *cert. denied*, 277 U.S. 594, 48 S.Ct. 530, 72 L.Ed. 1005 (1928). *Accord Byram Concretanks, Inc. v. Warren Concrete Products Co.*, 374 F.2d 649, 651 (3d Cir.1967); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F.Supp. 680, 689 (D.C.Minn.1975). The rationale for this rule is that to permit fee awards in settled cases "would be tantamount to a judicial assumption that settlement negotiations were predicated on defendants' admission of guilt. Such an assumption is contrary to the basic principles which underlie settlements." *City of Detroit v. Grinnell Corp.*, 495 F.2d at 459–60.

■ Given the nearly identical wording of § 4 and 18 U.S.C. § 1964(c), and the legislative history indicating that Congress was influenced by the antitrust laws in passing RICO, the case law decided under § 4 is relevant in interpreting § 1964(c). When Congress incorporated language from § 4 of the Clayton Act it must have intended to incorporate the judicial construction already established for that language. Aetna has advanced no reason to interpret the RICO language differently. Accordingly, the fact that Aetna obtained a favorable settlement with Liebowitz and would have been regarded as a "prevailing party" under one of the civil rights attorney's fee statutes does not entitle it to an award of attorney's fees under § 1964(c), because attorney's fees simply are not available under its statutory formulation when the disposition is by settlement.

Aetna's argument that it is entitled to attorney's fees because the court granted a preliminary injunction serves to weaken rather than strengthen its position and further supports the conclusion that an award of attorney's fees is not appropriate in this case. Aetna argues that because a plaintiff who obtains a preliminary injunction under the antitrust laws is entitled to an award of attorney's fees, 15 U.S.C. § 26, a plaintiff who obtains a preliminary injunction under RICO should be similarly benefited.

Assuming for the purpose of this argument that a private plaintiff may obtain a preliminary injunction under § 1964, the difference in language between the attorney's fee provision of § 1964(c) and that of § 16 of the Clayton Act, 15 U.S.C. § 26, which expressly provides for private injunctive relief and attorney's fees, indicates that plaintiff's argument must fail. Section 16, amended in 1976 to authorize attorney's fees, Pub.L. 94–435, 90 Stat. 1396, provides that "[i]n any action under this section in which the plaintiff *substantially prevails*, the court shall award the cost of suit, including a reasonable attorney's fee, to such plaintiff." (emphasis supplied). This language has been interpreted as not requiring a final judgment on the merits for an award of fees. *Grumman Corp. v. LTV Corp.*, 533 F.Supp. 1385 (E.D.N.Y. 1982); *Harnischfeger Corp. v. Paccar, Inc.*, 503 F.Supp. 102, 104–05 (E.D.Wisc.1980); *F & M Schaefer Corp. v. C. Schmidt & Sons, Inc.*, 476 F.Supp. 203, 106–07 (S.D.N.Y. 1979). In each of those cases, a plaintiff who had obtained preliminary injunctive relief was found to have "substantially prevailed" within the meaning of § 16.

■ Section 1964(c), on the other hand, does not provide for attorney's fees where a plaintiff "substantially prevails", but rather contains language more closely akin to that found in § 4 of the Clayton Act, which permits an award of attorney's fees only to a plaintiff who has obtained a final judg-

ment on the merits. Where Congress intended an award of attorney's fees to a "prevailing party" or a "substantially prevailing" party, it has said so. *E.g.,* Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E) (substantially prevailing); Equal Access to Justice Act, 28 U.S.C. § 2412(d) (prevailing party); Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (prevailing party). It follows that if Congress had intended for fees to be awarded to a prevailing party or a substantially prevailing party in a suit brought under § 1964, it would have used language similar to that found in these statutes, rather than language almost identical to that found in § 4 of the Clayton Act. Thus, the fact that plaintiff obtained a preliminary injunction does not entitle it to an award of attorney's fees in this case.

The court is aware of RICO's "liberal construction clause": "The provisions of this title shall be liberally construed to effectuate its remedial purposes." § 904(a), Pub.L. 91–452, 84 Stat. 947, 18 U.S.C. § 1961 note. Aetna argues that this statement supports an award of attorney's fees on the ground that the purposes of the statute will be frustrated if plaintiffs are deterred by the high cost of litigation. However, the court may not, under the general approach of "liberal construction", ignore the clear implications of Congress's choice of Clayton Act language rather than the prevailing party concept when it authorized attorney's fees in RICO cases.

For the reasons stated, plaintiff's motion for attorney's fees is denied.

SO ORDERED.