**FIRST NATIONAL BANK AND TRUST COMPANY, ROGERS, ARKANSAS, Plaintiff,**

v.

**A.L. HOLLINGSWORTH, et al., Defendants.**

**Civ. No. 88–5187.**

United States District Court, W.D. Arkansas, Fayetteville Division.

Dec. 19, 1988.

James M. Luffman, Eugene T. Kelley, Rogers, Ark., for plaintiff.

Truman H. Smith, Fayetteville, Ark., James E. Evans, Jr., Bill Clark, Springdale, Ark., Robert White, E.E. Maglothin, Fayetteville, Ark., for defendants.

MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

This case involves claims based on the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* (RICO). The claims arise from an alleged scheme by the various defendants to defraud the First National Bank and Trust Company, Rogers, Arkansas, of substantial amounts of money generated through false credit charges.

Plaintiff alleges that the defendants have accumulated large numbers of valid existing credit card numbers and have submitted false charges to the bank thereby receiving credit for these charges. Before the credit card holders could advise the bank that the charges were unauthorized the credits were converted to cash.

On November 28, 1988, the plaintiff filed with the clerk of the court an affidavit and bond for attachment. Plaintiff sought the writ to prevent defendants from dissipating their assets prior to judgment. After determining the bond and affidavit complied with the requirements of Arkansas law for prejudgment attachment, a writ of attachment was issued. *See* Ark.Code Ann. §§ 16–110–101 *et seq.* (1987). The clerk directed the writ to the First National Bank, Springdale, Arkansas, because some of the defendants were thought to maintain accounts there.

Thereafter, A.L. Hollingsworth, Jr., Irene Hollingsworth, and the First National Bank of Springdale, Arkansas, defendants herein, filed motions to dismiss or quash the writ of attachment. In support of their motion, the defendants point out that the Arkansas prejudgment attachment code provisions, Ark.Code Ann. §§ 16–110–101

*et seq.* (1987), were struck down as unconstitutional in *McCrory v. Johnson,* 296 Ark. 231, 755 S.W.2d 566 (1988).

In opposition, plaintiff concedes the attachment provisions were declared unconstitutional but contends that 18 U.S.C. § 1964 provides an independent statutory basis for the requested relief. Paragraphs (a), (b) and (c) of Section 1964 provide:

(a) The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons.

(b) The Attorney General may institute proceedings under this section. Pending final determination thereof, the court may at any time enter such restraining orders or prohibitions, or take such other actions including the acceptance of satisfactory performance bonds, as it shall deem proper

(c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

18 U.S.C. § 1964.

Plaintiff asserts the § 1964 makes equitable relief available to private plaintiffs. Specifically plaintiff points out that subsection (a) provides the district courts with broad equitable powers to fashion relief to "prevent and restrain violations of section 1962." Section 1962 describes the activities which are prohibited under RICO. 18 U.S. C. § 1962. However, as noted by the court

in *Ashland Oil, Inc. v. Gleave,* 540 F.Supp. 81 (W.D.N.Y.1982), "[f]or defendant to dispose of assets so as to frustrate enforcement of a judgment in this case would not *ipso facto* constitute a violation of Section 1962...." *Id.* at 84.

Plaintiff points out that the Court of Appeals for the Eighth Circuit, expressly without resolving the issue, has hinted that injunctive relief may be available under either civil RICO or under the court's general equitable powers. *See Bennett v. Berg,* 685 F.2d 1053, 1064 (8th Cir.1982) (citing a law review article which supports the availability of injunctive relief), *aff'd on rehearing,* 710 F.2d 1361 (8th Cir.) (*en banc*), *cert. denied,* 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983). The Eighth Circuit, however, did not make a detailed analysis and in fact in a later case noted that the one appellate court directly confronted with the issue held that Congress had not intended to provide an injunctive remedy to private civil RICO litigants. *Airlines Reporting Corp. v. Barry,* 825 F.2d 1220, 1223, n. 5 (8th Cir.1987).

Other courts have reached conflicting conclusions on this issue. *Compare Vietnam Veterans of America, Inc. v. Guerdon Industries,* 644 F.Supp. 951, 959–60 (D.Del.1986); *Kaushal v. State Bank of India,* 556 F.Supp. 576, 581–84 (N.D.Ill. 1983); *Ashland Oil v. Gleave,* 540 F.Supp. 81, 85–86 (W.D.N.Y.1982); with *Aetna Casualty and Surety Co. v. Liebowitz,* 570 F.Supp. 908, 911 (E.D.N.Y.1983), *aff'd on other grounds,* 730 F.2d 905 (2d Cir.1984); *Chambers Development Co. v. Browning–Ferris Industries,* 590 F.Supp. 1528, 1540–41 (W.D.Pa.1984). The only courts of appeal to directly address this issue have held that a private party may not obtain preliminary injunctive relief in a civil RICO action. *See In re Fredeman Litigation,* 843 F.2d 821, 828–29 (5th Cir.1988) (finding RICO did not empower the district court to enter the preliminary injunction. The court did not decide whether all forms of injunctive relief were foreclosed to private plaintiffs), *Religious Technology Center v. Wollersheim,* 796 F.2d 1076, 1080–89 (9th Cir.

1986), *cert. denied,* 479 U.S. 1103, 107 S.Ct. 1336, 94 L.Ed.2d 187 (1987).

The Ninth Circuit in *Wollersheim* undertook a thorough analysis of RICO's legislative history. The *Wollersheim* court began its analysis by pointing out that the broad language of paragraph (b) of Section 1964, *quoted supra,* permitting the government to bring actions for equitable relief has no counterpart in paragraph (c) which is the private civil RICO provision. As is noted by the courts cited *infra,* it is not clear from the statutory language who may invoke the all-inclusive equitable powers granted district courts in paragraph (a). *See In re Fredeman Litigation,* 843 F.2d at 829; *Wollersheim,* 796 F.2d at 1083–84; *Kaushal,* 556 F.Supp. at 583. Thus, the courts must resort to the legislative history to determine Congress' intent in enacting civil RICO.

It is not necessary for this court to recite the long legislative history of RICO as that task has been previously undertaken by the Ninth Circuit in *Wollersheim. Wollersheim,* 796 F.2d at 1084–89. In reaching its conclusion the *Wollersheim* court found three separate incidents to be particularly significant. First, the Senate replaced an earlier predecessor of RICO, S. 1623, 91st Cong. 1st Sess., 115 Cong.Rec. 6,995–96 (1969) which contained a private civil cause of action providing explicitly for injunctive relief as well as treble damages. *Wollersheim,* 796 F.2d at 1084. Second, during hearings on the Senate bill S. 30, that was enacted as RICO, before the House Judiciary Committee, Representative Stieger proposed an amendment explicitly providing for a private injunctive remedy under Section 1964(a). *Organized Crime Control: Hearings on S. 30 and related proposals, before Subcommittee No. 5 of the House Committee on the Judiciary,* 91st Cong., 2d Sess. 520–521 91970) ("House Hearings"). The subcommittee rejected this portion of the amendment and "explicitly created *only* the private action for treble damages which was eventually enacted as Section 1964(c)." *Wollersheim,* 796 F.2d at 1084–85 citing 116 Cong.Rec. 26, 190. Finally, the year after RICO's enactment, "Congress refused to enact a bill to amend Section 1964 and give private plaintiffs injunctive relief." *Wollersheim,* 796 F.2d at 1085. The offered amendment was accompanied by an explanation that it "would expand the available civil remedies" since "[n]ow only the United States can institute injunctive proceedings." *See* S. 16, 92nd Cong., 1st Sess. (1971); *Victims of Crime, Hearings Before the Subcommittee on Criminal Laws and Procedures of the Senate Committee on the Judiciary,* 92nd Cong., 1st Sess. 3, 158 (1972).

In the court's view the analysis of the *Wollersheim* opinion is persuasive. In fact, after reviewing the legislative history, it would be difficult, if not impossible, to draw a different conclusion. As the Wollersheim court noted:

> The clear message from the legislative history is that, in considering civil RICO, Congress was repeatedly presented with the opportunity *expressly* to include a provision permitting private plaintiffs to secure injunctive relief. On each occasion, Congress *rejected* the addition of any such provision.

*Wollersheim,* 796 F.2d at 1086 (emphasis in original).

In addition, as the *Wollersheim* court noted, the Supreme Court has sharply limited the situations in which a cause of action or a remedy may be implied. This approach has been extended to statutes in which Congress has expressly implied some remedies but remained silent on others. *Wollersheim,* 796 F.2d at 1088; *In re Fredeman Litigation,* 843 F.2d at 830 citing *Middlesex County Sewerage Authority v. National Sea Clammers Association,* 453 U.S. 1, 14–15, 101 S.Ct. 2615, 2623–24, 69 L.Ed.2d 435 (1981); *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 19–20, 100 S.Ct. 242, 246–247, 62 L.Ed.2d 146 (1979); *Touche Ross & Co. v. Redington,* 442 U.S. 560, 571–73, 99 S.Ct. 2479, 2486–88, 61 L.Ed.2d 82 (1979); *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). Accordingly, since our jurisdiction in this case is based solely on RICO, the court must conclude that it is not authorized to grant the injunctive relief requested by

plaintiff. Therefore, the motion to quash the writ of attachment will be granted by separate order entered concurrently herewith.