CITY OF CHANUTE, KANSAS, et al.,

v.

WILLIAMS NATURAL GAS COMPANY.

No. 87–1463–PFK.

United States District Court,
D. Kansas.

Feb. 18, 1993.

Charles F. Wheatley, Jr., Don Charles Uthus, Peter A. Goldsmith, Timothy P. Ingram and Allen D. Freemyer, of Wheatley & Ranquist, Annapolis, MD, Robert Pennington, of Henshall, Pennington & Brake, Chanute, KS, Larry D. Hendricks, of Stumbo, Stumbo, Hanson & Hendricks, Topeka, KS, for plaintiffs.

Lewis A. Posekany, Gen. Counsel for Williams Natural Gas Co., and William J. Sears, Sr. Counsel for The Williams Companies, John T. Schmidt and C. Kevin Morrison, of Conner & Winters, Tulsa, OK, Donald W. Bostwick and Teresa James, of Adams, Jones, Robinson & Malone, Wichita, KS, for defendant.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, Chief Judge.

On February 8, 1993, this matter came on for arguments on plaintiffs' motion for attorneys' fees and costs pursuant to § 16 of the Clayton Act. The court announced its full findings of fact and conclusions of law from the bench and now enters this memorandum and order in accordance therewith.

Plaintiffs (Cities), a group of eight cities, brought this action against Williams Natural Gas (WNG) seeking to force WNG to open its gas lines to transport gas from other suppliers. WNG had temporarily opened its lines, from December 1986 to August 1, 1987. Two days after WNG closed its lines the Cities filed this suit seeking injunctive relief and alleging violations of the Sherman Antitrust Act. The Cities' request for a temporary injunction was denied. This court, however, granted a preliminary injunction on February 5, 1988. *City of Chanute, Kan. v. Williams Natural Gas Co.*, 678 F.Supp. 1517 (D.Kan.1988) (*Chanute I*).

WNG filed a notice of appeal to the Tenth Circuit on February 12, 1988. On March 3 and 28, 1988, the Tenth Circuit granted a stay of the injunction pending appeal on the merits. Just prior to the scheduled date for oral argument, the Federal Energy Regulatory Commission (FERC) approved WNG's revised stipulation and agreement (RS & A). (Pltfs.' Appendix, Ex. 8.) This approval cleared the way for WNG to become a non-discriminatory, open-access transporter under a permanent, FERC-approved program on July 20, 1988. WNG had been working with FERC toward the approval of such a program since before this action was filed by the Cities. WNG notified the Tenth Circuit of the approval of the RS & A by filing a suggestion of mootness. At oral argument,

the Tenth Circuit panel asked the parties to attempt to reach an agreement on whether the preliminary injunction had become moot. The Tenth Circuit panel also announced its intention to remand the mootness issue for further consideration by this court if the parties were unable to agree.

On July 22, 1988, WNG and the Cities filed with the Tenth Circuit a stipulation that refers to the July 20, 1988 acceptance by WNG of a blanket open-access certificate under § 7 of the Natural Gas Act, thereby implementing the FERC's approval of WNG's RS & A. The stipulation further provides: "WNG will provide, and the Cities wish to obtain from WNG, firm and/or interruptible transportation service for 100% of their natural gas requirements, in lieu of full requirements or other sales service." (Stipulation, Pltfs.' Appendix, Ex. 1 at 2–3.) The stipulation also states WNG will dismiss its appeal and the Cities will withdraw their motion for preliminary injunction.

Following the dismissal of the appeal, the case returned to this court for a decision on the merits. After discovery, WNG filed a series of motions for summary judgment. The court granted these motions. *See City of Chanute v. Williams Natural Gas Company,* 1990–1 Trade Cas. ¶ 68,967, 1990 WL 20019 (D.Kan.1990) (*Chanute II* ); *City of Chanute v. Williams Natural Gas Company,* 743 F.Supp. 1437 (D.Kan.1990) (*Chanute III* ). Together, these two orders dismissed all of the Cities' claims, and the court entered judgment in WNG's favor on July 30, 1990. The Tenth Circuit affirmed. *City of Chanute v. Williams Natural Gas,* 955 F.2d 641 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 96, 121 L.Ed.2d 57 (1992) (*Chanute IV* ).

This action is now before the court on the Cities' motion for attorneys' fees and costs pursuant to § 16 of the Clayton Act. The Cities claim WNG should be ordered to pay between $650,000 and $837,000 for attorneys' fees. On December 30, 1992, the parties moved to bifurcate the Cities' request for fees. The court granted this motion, and therefore, the issue of whether the plaintiffs are entitled to attorneys' fees and costs will be addressed here.

Section 16 of the Clayton Act, 15 U.S.C. § 26, provides in pertinent part: "In any action under this section in which the plaintiff substantially prevails, the court shall award the cost of suit, including a reasonable attorney's fee, to such plaintiff." The Cities claim they substantially prevailed because they were granted a preliminary injunction, and that the injunction motivated WNG to agree to provide firm and/or interruptible transportation service for 100% of their natural gas requirements. Next, the Cities argue that because they substantially prevailed, the court has no discretion in this matter and must award costs including attorney fees.

The Cities cite many civil rights cases for support of their contention that they meet the definition of a substantially prevailing plaintiff. Analogies have been drawn between 15 U.S.C. § 26 and 42 U.S.C. § 1988. *F. & M. Schaefer Corp. v. C. Schmidt & Sons, Inc.,* 476 F.Supp. 203, 205–06 (1979). *See also Royal Crown Cola Co. v. Coca-Cola Co.,* 887 F.2d 1480 (11th Cir.1989), *reh'g denied,* 897 F.2d 537, *cert. denied,* 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990). In cases involving claims under the Clayton Act, courts have stated the appropriate test for "determining which party prevailed are a) the situation immediately prior to the commencement of the suit, and b) the situation today, and the role, if any, played by the litigation in effecting any changes between the two." *F. & M. Schaefer Corp.,* 476 F.Supp. at 206. Or put another way, " 'a plaintiff must show at minimum that the prosecution of the action could reasonably have been regarded as necessary and that the action had substantial causative effect on [the desired result].' " 476 F.Supp. at 206 n. 3 (quoting *Vermont Low Income Advocacy Council v. Usery,* 546 F.2d 509 (2d Cir. 1976)).

In *Royal Crown Cola Co. v. Coca-Cola Co.,* the court stated the plaintiff bears the burden of proving it is a prevailing party as the term is used in § 16 of the Clayton Act. The court further stated " 'a plaintiff must receive at least some relief on the merits of the claim.' " *Royal Crown,* 887 F.2d at 1485–86 (quoting *Hewitt v. Helms,* 482 U.S. 755, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987)). In *Royal Crown,* the court found the plaintiff failed this test because it had been granted a TRO to maintain the status quo that was later extended to a preliminary injunction due to a

scheduling problem. A hearing on the merits was never conducted.

The court's inquiry in *Royal Crown*, however, was not complete. The court went on to state that even when the plaintiff has not received judicial relief on the merits, the plaintiff may be entitled to fees and costs if its lawsuit caused or prompted some remedial action by the defendant. The court first looked at whether the plaintiff's goals were accomplished. Next, the court reviewed the chronology of events and stated: "While the chronology of events is important, it is not definitive because the question of causation is intensely factual." 887 F.2d at 1487. In other words a pure *post hoc ergo propter hoc* analysis is not appropriate. Thus, the plaintiff must provide some evidence that proves its litigation efforts were in some way the cause or a catalyst for the ultimate result. *See also Texas State Teachers Assn. v. Garland Independent School Dist.,* 489 U.S. 782, 792–93, 109 S.Ct. 1486, 1493–94, 103 L.Ed.2d 866 (1989) ("The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties. . . ."); *Rhodes v. Stewart,* 488 U.S. 1, 3, 109 S.Ct. 202, 203, 102 L.Ed.2d 1 (1988) (the entry of a declaratory judgment in a party's favor does not automatically render it a prevailing party under § 1988); *Hewitt v. Helms,* 482 U.S. 755, 761, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654 (1987) (the plaintiff must prove "the settling of some dispute which affects the behavior of the defendant toward the plaintiff.").

Plaintiffs argue the stipulation filed with the Tenth Circuit gave the Cities more rights than they were allowed pursuant to the RS & A as approved by the FERC. For example, the RS & A allowed a distributor customer, such as the Cities, to sign a new agreement with WNG that permitted the distributor customer to convert to firm transportation service (rather than sales service) at a specified percentage rate over a four-year period. (RS & A at 8–12, Pltfs.' Appendix, Ex. 2.) In contrast, the stipulation allowed the Cities to obtain immediate firm or interruptible transportation service for 100% of their natural gas requirements from WNG. The Cities claim this difference is due to the pressure of their litigation on WNG and demonstrates WNG's acquiescence in the preliminary injunction.

The Cities cite *Farrar v. Hobby,* —— U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 61 U.S.L.W. 4033; 60 Fair Empl.Prac. Cases (BNA) 633 (1992), for its application of the term "prevailing party." In *Farrar,* the plaintiffs brought a suit under 41 U.S.C. §§ 1983 and 1985 claiming a violation of their civil rights and seeking damages of $17 million. Ultimately, plaintiffs only succeeded in a jury finding that one defendant violated their civil rights, for which they received a nominal award of one dollar. —— U.S. at ——, 113 S.Ct. at 571. The Court held a plaintiff who wins nominal damages is a prevailing party under § 1988. Thus, the plaintiffs were owed reasonable attorney fees as determined by the district court when considering the circumstances of the case.

*Farrar* can be easily distinguished from the case currently under consideration. There, the jury found a defendant had violated plaintiffs' right to procedural due process. Here, the court held WNG had not violated the Sherman Act and all of the Cities' claims failed on the merits.

WNG argues that the Cities did not substantially prevail. WNG was already in the process of getting an open-access certificate pursuant to § 7 of the Natural Gas Act at the time this action was filed. *See* RS & A at 1 (original stipulation and agreement was filed July 18, 1986). Open-access transportation became available as soon as the FERC granted the necessary certificate. Although the Cities were granted a preliminary injunction, it was granted because the Cities presented questions going to the merits that were considered serious and substantial and because this court determined the preliminary injunction would preserve the status quo. *Chanute I,* 678 F.Supp. at 1525–26. Furthermore, the Cities did not receive any natural gas from other suppliers, via WNG lines, pursuant to the preliminary injunction because the Tenth Circuit granted WNG a stay pending WNG's appeal. Finally, the Cities lost every one of their antitrust claims on the merits. *See Chanute II; Chanute III; Chanute IV.*

The court reviewed the briefs filed by the parties and considered the evidence presented at hearing. At the time of the hearing on whether to issue a preliminary injunction, representatives of WNG testified that they

were trying to negotiate a blanket open-access certificate under § 7 of the Natural Gas Act. They further assured the court that when appropriate approval had been received from the FERC, WNG would provide the transportation service sought by the Cities. Once the RS & A was approved and the certificate received, WNG provided transportation service as stated in the stipulation. The Cities have failed to prove their litigation influenced the relationship between WNG and the Cities or affected WNG's behavior toward the Cities. Therefore, this court holds the Cities did not substantially prevail and are not entitled to attorneys' fees and cost pursuant to § 16 of the Clayton Act.

IT IS ACCORDINGLY ORDERED this 18 day of February, 1993, that plaintiffs' motion for attorneys' fees and costs (Dkt. No. 300) is denied.