■    In the Matter of EDWARD N. MURCRAY, JR., a Person Alleged to be a Juvenile Delinquent, Respondent.  DONALD KITCHIN, as District Commissioner of St. Lawrence County Department of Social Services, Appellant; WILLIAM P. COLLINS, as Director of St. Lawrence County Probation Department, Respondent.— Appeal from an order of the Family Court, St. Lawrence County, entered March 7, 1974, which directed the St. Lawrence County Department of Social Services to file with the Family Court, within three months, a plan for the placement of juvenile delinquents or persons in need of supervision, in foster care.  The background of the order presently on appeal is set forth at some length in the decision below (76 Misc 2d 781).  We find no merit in appellant's contention that if the present order might have been entered at all by Family Court, it could only have been entered following an entirely separate proceeding commenced by service of process upon that agency.  It is apparently not claimed that appellant did not have some notice, and the record supports the conclusion that the agency proceeded voluntarily with the hearing.  Moreover, if any prejudice is claimed as a result of the Family Court's failure to serve any written process beyond the subpoenas, appellant's brief does not disclose the nature of that prejudice.  Thus, appellant, having made a general appearance in the proceedings below, conferred jurisdiction upon the Family Court to proceed, whether or not process was issued in a technically correct manner (Family Ct. Act, § 165; *Matter of Dell*, 56 Misc 2d 1017, 1019; 4 Carmody-Wait 2d, New York Practice, § 26:36, p. 83).  As to the authority of the Family Court to review appellant's conduct and issue the order rendered, we find such authority to clearly exist in section 255 of the Family Court Act (*Usen* v. *Sipprell*, 41 A D 2d 251).  Finally, the fact that the proceedings are concededly moot as to the youth whose situation precipitated these proceedings did not prevent the Family Court from issuing the order in dispute to prevent the recurrence of such incidents (see *Matter of Gold* v. *Lomenzo*, 29 N Y 2d 468, 475–476; 10 Carmody-Wait 2d, New York Practice, § 70:298, pp. 559–563).  Order affirmed, without costs. Herlihy, P. J., Cooke, Kane, Main and Reynolds, JJ., concur.