■ In the Matter of LORIE C., A Person in Need of Supervision, Respondent. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant.—Appeal from an order of the Family Court, St. Lawrence County, entered November 22, 1977, which approved a court-ordered plan establishing responsibilities, standards and procedures relating to juvenile delinquents and persons in need of supervision placed in family boarding homes in St. Lawrence County, and ordered, effective December 1, 1977, that the plan be implemented and adhered to by the St. Lawrence County Probation and Social Services Departments, as well as by Law Guardians. In September of 1975, the Family Court of St. Lawrence County (hereinafter referred to as Family Court) determined that the infant, Lorie C., was a person in need of supervision (PINS), and in October, 1975 it ordered that she be placed in the custody of the County Social Services Department (Social Services) for one year, with supervision by the County Probation Department (Probation). Probation promptly requested that Social Services obtain a foster home for the infant, but one was not immediately available and the infant remained in her own home. On December 5, 1975, Probation requested that the disposition order be modified by placing the infant in a "nonsecured" detention facility until a suitable foster home could be located, and the court, following a hearing, so ordered. However, the court continued the matter, and on December 10, 1975 Probation, in response to an inquiry from the court, reported that there were currently four children waiting for

foster care and that its requests to Social Services for such facilities had not yet been fulfilled. A representative of Social Services acknowledged the situation and that a plan developed for the location of foster homes, as previously ordered by the Family Court in *Matter of Edward M* (76 Misc 2d 781, affd *sub nom. Matter of Murcray*, 45 AD2d 906, same case 84 Misc 2d 363), had not been implemented. The proceedings were continued by the device of an order to show cause, served on or about January 30, 1976, seeking an order that Social Services be directed to obtain a suitable foster home for the infant. The court on February 27, 1976 ordered that the appointment of the Law Guardian would continue "regardless of the intervening circumstances of the child" until a final conclusion of the proceedings. On March 1, 1976 the attorney for Social Services advised the Law Guardian that the infant had been placed in foster care and that Social Services would not further oppose the application for such placement. Thereupon the Law Guardian on March 16, 1976 executed an affidavit which sought to amend the order to show cause to seek an order compelling Social Services in the future to maintain a "reserve of potential certified foster homes" so as to eliminate the delay in placing infants such as Lorie C. Thereafter the Family Court proceeded to hold hearings and issue preliminary decisions including a proposed draft of an order entitled court-ordered plan establishing responsibilities, standards, and procedures relating to juvenile delinquents and PINS placed in family boarding houses in St. Lawrence County. Following a final hearing, the Family Court by the order appealed from adopted the proposed plan. The present order of the Family Court goes beyond the direction of that court in its decision in *Matter of Edward M.* (84 Misc 2d 363, *supra*). In the *Edward M.* case, this court held that the Family Court does have the authority pursuant to section 255 of the Family Court Act to review the conduct of Social Services in carrying out its duties under the statutes to provide foster care facilities *(Matter of Murcray*, 45 AD2d 906, *supra*). In this case, Social Services urges several specific grounds for reversal. However, we will consider only those matters we find dispositive of this case. To begin with, this matter is moot as to the infant, and, while that fact would not necessarily have required that Family Court discontinue the proceedings *(id.)*, the record does establish that there was no longer any justification for the continued appearance of her Law Guardian in these proceedings. Unlike the situation in *Matter of Murcray (supra)*, the present order and the continued proceedings immediately preceding it were not for the purpose of directing assistance and co-operation in the exercise of the court's power and duty in entering dispositional orders. The order entered herein provides relief beyond that sought by the Law Guardian and beyond that required to secure co-operation to the extent of ordering Social Services to maintain a reserve of qualified foster homes so as to eliminate delay in placement. The order entered not only addresses the topics of location and certification of foster homes, it requires foster parent training and details procedure for (1) preplacement planning and placement of juveniles in foster homes, (2) supervision of court-placed juveniles in foster care, (3) change of placement, (4) petitions for extension of both placement and probation, (5) release of children to their parents or guardian during the period of placement, and (6) termination of placement. While there can be no doubt as to the sincerity of the Family Court Judge in attempting to fashion the conduct of Social Services in meeting the duties performed by that agency as to infants being placed by the court, and it is certain that the order appealed from is the product of experience and academic studies, the fact is that the detailed ordering of procedures and

methods does exceed such steps as are necessary to secure co-operation. Since the Family Court had only recently reviewed the problem of adequate facilities for infants being placed by it and had ordered a plan to compensate for prior inadequacies, proceeding in this case after the matter was resolved by the placing of the infant and the duties of the Law Guardian had been fulfilled was proceeding beyond remedying the specific deficiencies established in this record. The order entered herein exceeds the authority granted by section 255 of the Family Court Act as a matter of law. Order reversed, on the law and the facts, without costs, and order to show cause dated January 23, 1976 dismissed. Greenblott, J. P., Sweeney, Larkin, Mikoll and Herlihy, JJ., concur.