In the Matter of CAPITAL NEWSPAPERS GROUP OF THE HEARST CORPORATION et al., Petitioners, v LOREN BROWN, as Judge of the Saratoga County Court, et al., Respondents.

Third Department, June 26, 1980

### APPEARANCES OF COUNSEL

*O'Connell & Aronowitz, P. C. (Peter L. Danziger* of counsel), for petitioners.

*Robert Abrams, Attorney-General (Joseph J. Micare, Shirley Adelson Siegel* and *Jeremiah Jochnowitz* of counsel), for Loren Brown, respondent.

*Le Roy T. Walbridge, Assistant County Attorney,* for David Wait, respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

■ The petitioners, Capital Newspapers Group of the Hearst Corporation and two reporters in its employ, commenced this proceeding to vacate an order which excluded the public and press from a motion hearing in a criminal case in Saratoga County in which the accused was charged with murder and robbery. Petitioners claim the order violated their right to hear and report matters of public interest and concern, as guaranteed by various statutory and constitutional provisions (see *Matter of Westchester Rockland Newspapers v Leggett,* 48 NY2d 430), and seek relief in the nature of an order (a) declaring that the closure by respondent Brown was illegal, (b) enjoining respondent Brown from excluding the press in future criminal actions unless specific enumerated criteria are demonstrated, and (c) supplying petitioners with a copy of the minutes of the closed hearing. We note that although petitioners have been supplied with the minutes of the motion hearing and the criminal proceeding has been concluded with a jury determination of guilt, the question of media access to criminal proceedings is of such importance that mootness cannot be considered as a bar to consideration of the posited

issue *(Gannett Co. v De Pasquale,* 443 US 368, 378, affg 43 NY2d 370, 376).

On November 26, 1979, after a jury had been impaneled, sworn and admonished, it was excused until the following morning. On the next day, after two prosecution witnesses had testified and following a bench conference with counsel, the court announced that a hearing would be held that afternoon out of the presence of the jury. The jury was again admonished and excused. Upon inquiry petitioners Di Lorenzo and Markey were advised by respondent Brown that he could not inform them if the hearing would be closed in the absence of any extant motion for such relief. During the luncheon recess petitioners Di Lorenzo and Markey contacted their editors and were advised to object to any motion for closure and to request a brief delay to permit appearance of petitioners' counsel in opposition to any closure motion. That afternoon, after the hearing to determine if defendant's confession was admissible began, defendant's attorney moved to close the hearing. Other than making the statement "In view of the fact that the press may be here and it may be in the papers, it is a possibility that it could get through to the jurors", defendant's counsel offered no proof of possible prejudice. The District Attorney took no position with respect to the motion, and respondent Brown, after acknowledging that he had twice admonished the jury, expressed the view that it would be naive to believe that such admonitions could be effective, and, accordingly, closed the courtroom to the press and public.

■ While we recognize that an open pretrial suppression hearing may be prejudicial to a defendant since it usually involves the admissibility of a confession, eyewitness testimony or other persuasive evidence of guilt, some or all of which may not be admissible at trial, it does not necessarily follow that closure is always necessary or even appropriate upon motion of the defendant. However, where, as here, the jury has been impaneled and the trial is underway, different considerations may obtain that would influence the judgment of the trial court in granting or denying defendant's motion for closure. In either event, there must be a balancing of the defendant's right to a fair trial in an atmosphere unimpregnated by prejudice and the public's right not only to attend pretrial as well as trial proceedings but to be informed about them *(Matter of Gannett Co. v De Pasquale,* 43 NY2d 370, 378-379, affd 443 US 368, *supra).* While this delicate, sensitive

duty is properly that of the Trial Judge, who is not only thoroughly familiar with the charges and the defense thereto, but is the only judicial officer exposed to the local mood, temper or viewpoint created by the case at issue, he is not without guidelines to assist him in the act of reconciling these competing interests. Thus, when a defendant's motion for closure is made, the court should consider whether there are alternate means reasonably available by which the fairness of the trial might be preserved without substantially interfering with the public's right to be informed, and, further, whether closure can be limited to only those portions of the hearing which might be prejudicial. This record is barren of any evidence that such considerations were indulged below. Moreover, there was no demonstration by defendant's counsel that an open hearing would surface any evidence interdicting the defendant's right to a fair trial, nor were the petitioners afforded an opportunity to be heard wherein they might have articulated the magnitude of any genuine public interest in an open proceeding. Accordingly, we conclude that respondent Brown erred in ordering closure.

■ As to the relief requested by petitioners, we conclude that relief with respect to a transcript of the closed hearing is moot (*Matter of Times-Union of Capital Newspaper Div. of Hearst Corp. v Harris,* 71 AD2d 333), and further, that injunctive relief with respect to future motions of like import is inappropriate. Next, while we are aware that we could convert this proceeding into an action for declaratory judgment for purposes of declaring that the action below was illegal (see *Matter of Merced v Fisher,* 38 NY2d 557), such action is unnecessary in light of the discussion above which illuminates our reasons for concluding that under the facts present here, the trial court erred.

The petition should be dismissed, without costs.

HERLIHY, J. (concurring). The hearing conducted by the Presiding Judge of a trial court for the purpose of making a preliminary determination of whether or not a confession or declaration tending to reflect guilt meets the legal requirements for admissibility in evidence over objection is not a trial, but rather a part of the trial. The purpose of the hearing is to keep the very existence of such evidence from the knowledge of jurors until or unless it is adduced at trial. (See *Matter of Westchester Rockland Newspapers v Leggett,* 48 NY2d 430, 438-439; 446-447.) It is also quite apparent that a

hearing whereat a confession will be disclosed bears a high degree of prejudice for any defendant if disclosed to potential jurors and will ordinarily require a closed hearing. (See *Matter of Gannett Co. v De Pasquale,* 43 NY2d 370, affd 443 US 368, *Matter of Westchester Rockland Newspapers v Leggett, supra,* p 438.)

*As to pretrial hearings involving confessions and trial motions involving confessions the initial impact of disclosure somewhat differs.* However, the net result is that a jury verdict might be rendered because of inadmissible evidence if disclosure is permitted.

What occurred in this case is the not altogether unusual situation of an evidentiary objection arising upon the trial which in fairness to the defendant needed to be determined outside of the hearing of the jury. Under such circumstances there was no basis for excluding the public from the motion proceedings, it only being necessary to exclude the jury. The public right of access to the courtroom must prevail, although it may mean that the jury will have to be sequestered.

Accordingly, the trial court erred in closing the courtroom to the public (Judiciary Law, § 4).

In the context of this case it does not appear that there was any basis for the trial court to have indulged in a balancing of the public's right to be informed with any supposed right of the defendant to closure or that there was any need for the public, including the petitioners, to have been accorded any particular opportunity to be heard. Since the entire record is available, including the transcript of the hearing of the evidentiary motion, the error in this case should be treated as judicial error.

The petition should be dismissed for mootness as to mandamus upon release of the transcript of the alleged secret proceeding and for failure to state a cause of action for prohibition.

GREENBLOTT, MAIN and MIKOLL, JJ., concur with MAHONEY, P. J.; HERLIHY, J., concurs in a separate opinion.

Petition dismissed, without costs.