In the Matter of ONEONTA STAR DIVISION OF OTTAWAY NEWSPAPERS, INC., Petitioner, v JOSEPH A. MOGAVERO, Jr., as Judge of the Otsego County Court, et al., Respondents. (And One Other Prcoeeding.)

Third Department, December 11, 1980

APPEARANCES OF COUNSEL

*Becker, Card, Levy & Richards, P. C. (Rodney A. Richards* of counsel), for petitioner.

*Philip L. Washburn* for Joseph A. Mogavero, Jr., respondent.

*John H. Owen, Public Defender* for Bennet G. Johnsen, respondent.

*Colin E. Ingham, District Attorney, pro se (Paul W. Elkan* of counsel).

## OPINION OF THE COURT

CASEY, J.

These proceedings again raise the difficult issue of whether the press and the public were properly excluded from suppression hearings held in criminal proceedings. In each of the underlying criminal proceedings, the defendant is charged with murder in the second degree, based upon a bizarre and titillating incident that occurred in a rural, sparsely populated county. The homicides have received considerable media coverage and it is clear that such coverage will continue through the trials. As a result, after moving to suppress oral and written statements which the prosecution intends to introduce at trial, each defendant also moved to exclude the press and the public from the pretrial hearing. In each case, respondent Mogavero held a hearing at which interested parties were encouraged to present evidence and/or arguments relative to defendant's motion. Following the hearings, respondent Mogavero issued a written decision in each case stating his reasons for closing the pretrial suppression hearing. Appropriate orders were entered and these proceedings ensued.

We begin by noting that the right of the public and the press to be present during criminal proceedings vis-à-vis the defendant's right to a fair trial has been the subject of much recent attention by the courts of this State and the United States Supreme Court. Most recently, the Supreme

Court has held that the right of the public and the press to attend *trials* in criminal cases "is implicit in the guarantees of the First Amendment" *(Richmond Newspapers v Virginia*, 448 US 555, —, 100 S Ct 2814, 2829). Previously, the court had held that the Sixth Amendment right to a public trial was personal to the accused, conferring no right of access that is separately enforceable by the public or the press *(Gannett Co. v De Pasquale*, 443 US 368). *Gannett* (*supra*, p 392), a case involving a pretrial suppression hearing, expressly avoided passing on the question of whether the First Amendment created any right of access to such proceedings.

█ The public trial guarantee under New York law has not been so narrowly viewed. "All court proceedings are presumptively open to the public" *(Matter of Westchester Rockland Newspapers v Leggett*, 48 NY2d 430, 438), and the presumption applies to pretrial suppression hearings *(Matter of Gannett Co. v De Pasquale*, 43 NY2d 370). The right of access, which belongs to the public and the press, is not absolute; rather, when it "would jeopardize the right of the accused to a fair trial, the competing interests must be balanced and reconciled as far as possible" *(Matter of Westchester Rockland Newspapers v Leggett*, *supra*, p 438).

The Court of Appeals decisions in *Gannett (supra)* and *Leggett (supra)* "laid down the procedural framework within which the possibility of closure must be considered" *(Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 716). In particular, the court stated: "Initially the motion to exclude the public from the pretrial proceeding must be made on the record, in open court. In support of the motion the defendant must demonstrate to the court a strong likelihood that evidence relevant and admissible at this particular hearing in this case would prejudice the defendant's trial if it were disclosed to potential jurors or would involve sordid matters expressly covered by section 4 of the Judiciary Law. If, during the course of the argument, it becomes necessary for counsel to introduce or tender specified items of proof, the public disclosure of which would create the very prejudice sought to be avoided or would itself involve disclosure of such sordid matters, defense counsel may further request

that this portion of the argument be continued *in camera,* in the presence of counsel for the defendant and the prosecutor but out of the hearing of the public. In any event, all proceedings on the motion, whether in open court or *in camera,* should be recorded for appellate review." *(Matter of Westchester Rockland Newspapers v Leggett, supra,* p 442; see, also, *Matter of Gannett Co. v De Pasquale, supra* p 381).

Failure to follow these procedural requirements infects a closure order, rendering it erroneous *(Matter of Capital Newspapers Group of Hearst Corp. v Brown,* 75 AD2d 218, 221). Here, however, the record in each proceeding reveals that the court was aware of and carefully employed the required framework.

 The record in each proceeding also reveals that the court was amply justified in closing the pretrial suppression hearing. Since all court proceedings are presumptively open to the public, the defendant has the burden of going forward and demonstrating a compelling need for closure *(Matter of Westchester Rockland Newspapers v Leggett, supra,* p 442), but, in each of these cases, the defendant satisfied that burden by showing public curiosity and extensive media coverage, for "where press commentary on those hearings would threaten the impaneling of a constitutionally impartial jury in the county of venue, pretrial evidentiary hearings in this State are *presumptively to be closed to the public" (Matter of Gannett Co. v De Pasquale, supra,* p 380; emphasis added). Here, as in *Gannett (supra),* the inference of widespread intense public curiosity about the details of the underlying crimes, which occurred under rather mysterious circumstances, is inescapable. Media coverage of each crime was substantial and continuing, and it was reported that each defendant had made incriminating statements, although the exact nature and contents of those statements were unknown. Despite this evidence of widespread public awareness and media saturation in the sparsely populated, rural county of venue, there was no showing of any legitimate public concern, as opposed to mere curiosity, to counterbalance the imminent threat of prejudice to the defendants inherent in the probable public disclosure of

potentially tainted evidence. Under such circumstances, the decision of the County Court to close the pretrial suppression hearing in each case was appropriate *(Matter of Gannett Co. v De Pasquale*, 43 NY2d 370, *supra)*.

In *Matter of Capital Newspapers Group of Hearst Corp. v Brown* (75 AD2d 218, 221, *supra*) we stated that "the court should consider whether there are alternate means reasonably available by which the fairness of the trial might be preserved without substantially interfering with the public's right to be informed, and, further, whether closure can be limited to only those portions of the hearing which might be prejudicial." In *Brown (supra)*, however, the suppression hearing occurred after the jury had been impaneled and the trial was underway. Under such circumstances, there exist various tested alternatives to satisfy the constitutional demands of fairness (see *Richmond Newspapers v Virginia*, 448 US 555, —, 100 S Ct 2814, 2830, *supra)*, but in pretrial proceedings, such as here, the possible alternatives "may prove paltry protection for precious rights" *(Matter of Gannett Co. v De Pasquale, supra*, p 380). We perceive no error in the County Court's rejection of possible alternatives in these proceedings.

We note that in each proceeding petitioner requests as part of its relief that it be furnished with a copy of the suppression hearing transcript. There is nothing in either record to indicate that petitioner has yet received the requested transcript. Thus, although the suppression hearings have been held, we conclude that the proceedings should not be dismissed as moot, particularly in light of the difficult and recurring constitutional issue for which no other forum is available (compare *Richmond Newspapers v Virginia, supra; Matter of Westchester Rockland Newspapers v Leggett, supra; Matter of Gannett Co. v De Pasquale, supra*, with *Matter of Hearst Corp. v Clyne, supra)*.

The petitions should be dismissed, without costs.

MAHONEY, P. J., SWEENEY, KANE and HERLIHY, JJ., concur.

Petitions dismissed, without costs.