OPINION OF THE COURT
Thomas E. Mercure, J.
The petitioner, William J. Kline and Son, Inc., doing business as Amsterdam Recorder, has commenced this CPLR article 78 proceeding against the Amsterdam Industrial Development Agency. The Daily Gazette Co., Inc., *702 doing business as Schenectady Gazette, has been allowed to intervene as petitioner.
FACTS
On June 28, 1983, the Amsterdam Industrial Development Agency (the Agency) made available to the City of Amsterdam Common Council its “Administrative Director’s Report of Cash Transactions, 12/31/82”. Listed on that document was an Agency expenditure of $238,303 as an “Economic Development” expenditure.
By letter of July 13, 1983, the Schenectady Gazette (the Gazette) requested, pursuant to the New York Freedom of Information Law (Public Officers Law, § 84 et seq.) records or portions thereof pertaining to the expenditure. By letter dated July 18, 1983, the Agency denied the request on the grounds that disclosure of the records regarding particular private companies receiving economic development would result in an “unwarranted invasion of their privacy”. By letter dated July 21,1983, the Gazette appealed the denial to the Agency and, on July 23, 1983, the Agency affirmed the denial of access to the records on the basis of section 87 (subd 2, pars [b], [d]) of the Public Officers Law.
By letter dated February 14, 1984, the Amsterdam Recorder (the Recorder) made a similar request for records pertaining to the economic development expenditure. On February 22, 1984, the request was denied on the same basis as the denial of the request by the Gazette. On March 7, 1984, an appeal was made to the Agency, and the Agency on March 20, 1984, sustained the decision to deny access to the records.
The Recorder commenced this proceeding by petition verified March 28, 1984. The Recorder seeks a judgment herein, pursuant to CPLR article 78, reversing and annulling the determination of the Agency to withhold access to records pertaining to the expenditure of Agency funds for economic development. The Recorder also seeks attorney’s fees and costs pursuant to the Freedom of Information Law. By order of this court, the Gazette has intervened as a petitioner in this proceeding.
On April 24,1984, after this proceeding was commenced, but before the Agency served and filed its answer herein, Fiber Glass Industries, Inc., the corporation for whom the *703 economic development expenditure had been made, wrote to the Agency and requested the Agency to disclose all records pertaining to the economic development expenditure, which records are the subject of this proceeding. By letters dated May 3,1984, the Agency informed the Recorder and the Gazette that the Agency would make available for inspection and copying, those records and documents which had been previously requested.
respondents’ contentions
Respondents urge that the entire proceeding is now moot and, therefore, the court may not make a determination concerning the disclosure of the records. Further, respondents contend that the court may not proceed to award fees and costs because the proceeding is moot and because petitioners have not “substantially prevailed” in the proceeding.
MOOTNESS
“It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal * * * This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary.” (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714.) Where because of passage of time, or a change in circumstances, the rights of the parties cannot be affected by a judicial determination, the matter is moot.
Here, the petitioners request a determination by the court that they are entitled to access to the records, yet since the proceeding was commenced, the Agency has made the records available to the petitioners.
The underlying facts of the present proceeding are analogous to those of Matter of Capital Newspapers Group v Brown (75 AD2d 218). In Brown, the newspaper commenced a proceeding to vacate an order which excluded the public and press from a motion hearing in a criminal case, and sought a copy of the minutes of the closed hearing. The *704 newspaper was supplied with the minutes of the motion hearing, thus obligating the Brown court to hold that the relief requested with respect to a transcript of the closed hearing was moot. Similarly, in Matter of Lorie C. (63 AD2d 1073), it was held that proceedings arising out of a failure of the Social Services Department to place an infant determined to be a person in need of supervision in foster homes were rendered moot by placement of the infant in a foster home.
Exceptions to the doctrine of mootness will be made only when three common factors are present. There must be a likelihood of repetition, either between the parties or among other members of the public, yet the matter must typically evadé review, and there must be a showing of significant or important questions not previously passed on. (Matter of Hearst Corp. v Clyne, supra; New York Public Interest Research Group v Regan, 91 AD2d 774.)
The instant proceeding does not come within the exception to the doctrine of mootness. There is no likelihood of repetition here between these parties or among other members of the public because once the petitioners have been given access to these records, there will not be another request by the petitioners or any others for access to these records. More importantly, the Agency’s original decision to deny access to these records was based upon specific grounds which will not necessarily exist every time a request is made for records of the Agency pursuant to the Freedom of Information Law.
This proceeding does not involve a matter which will typically evade judicial review, for it is unlikely that consent will be given to disclose records each and every time a proceeding is brought to review the Agency’s denial of access to records under the Freedom of Information Law.
Finally, there has been no showing that the Agency’s original denial of access to these records involves a significant or important question which has not previously been passed on. Rather, there has been much litigation and decisional law regarding the Freedom of Information Law and the exceptions thereunder.
Although the petition (insofar as the main relief sought) is now moot, section 89 (subd 4, par [c]) of the Public *705 Officers Law which permits an award of reasonable attorney’s fees and other litigation costs, if the court makes certain findings pursuant to the statute, still must be addressed.
APPLICABLE LAW
“The court in * * * [a proceeding under the Public Officers Law] may assess, against such agency involved, reasonable attorney’s fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed, provided, that such attorney’s fees and litigation costs may be recovered only where the court finds that:
“i. the record was, in fact, of clearly significant interest to the general public; and
“ii. the agency lacked a reasonable basis in law for withholding the record.” (Public Officers Law, § 89, subd 4, par [c].)
attorney’s fees
The issue before the court does not appear to have been addressed in any reported decisions specifically construing the New York Freedom of Information Law. A similar provision which mandates attorney fees to a “substantially prevailing” party has been construed by the Federal courts.
The Clayton Act, the Federal antitrust legislation, was amended in 1976 to provide: “In any action under this section in which the plaintiff substantially prevails, the court shall award the cost of suit, including a reasonable attorney’s fee, to such plaintiff.” (US Code, tit 15, § 26.)
The court held in Schaefer Corp. v Schmidt & Sons (476 F Supp 203) that the time for determining whether the plaintiff has substantially prevailed is the time of the application. There need not be, at that time, a judicial determination that the plaintiff will prevail on the merits.
Whether a party has substantially prevailed is to be determined by looking at the situation prior to the commencement of suit, the situation as it presently exists, and the effect the litigation had, if any, in bringing about the change. Thus, in that case plaintiffs had obtained preliminary relief enjoining a stock transfer, the Court of Appeals *706 had affirmed the injunction, and it was only after the affirmance that the defendant capitulated. The court held that the vigorous opposition to the injunction and the prosecution of the appeal indicated that the defendant’s change of heart was due to the litigation and its realistic assessment of its ultimate chance of success. Plaintiff was deemed to have substantially prevailed and fees were awarded.
Attorney fees were awarded in a similar case involving a preliminary injunction, an affirmance on appeal and the eventual abandonment of its position by the defendant. In Grumman Corp. v LTV Corp. (533 F Supp 1385) the court held that the litigation had a substantial causative effect on the ultimate outcome.
Other cases in which the plaintiff was found to have “substantially prevailed” involved cases that were vigorously defended and appealed before abandonment. (Virginia Academy of Clinical Psychologists v Blue Shield, 543 F Supp 126; Harnischfeger Corp. v Paccar, Inc., 503 F Supp 102.)
Applying the benchmarks of the Schaefer case to the case at bar, it is noted that immediately prior to the commencement of the action, the respondents had refused to release the requested records, relying upon what they perceived an exemption to disclosure under the law. At the time of this application, the records had been released, and therefore, the court must now determine the role, if any, played by the litigation in effecting the change.
It is significant that the release of the documents came prior to the assertion of any defense to this proceeding. There certainly does not appear to be the type of vigorous defense nor the specter of ultimate loss on the merits after intermediate appeal, as evidenced by the cases cited.
Moreover, from the papers before the court, it is evident that respondents, in initially withholding the documents requested, were acting in an apparent good-faith effort to protect the confidences of an industry it had assisted in furtherance of its function to encourage economic development. It is evident that the release of the information was *707 the direct result of correspondence received by the respondents requesting and authorizing it to do so.
It is not necessary for the court to decide whether the petitioners would have ultimately prevailed on the merits. As limited to the facts herein, it is the opinion of the court that the petitioners have not “substantially prevailed” in the litigation so as to entitle them to an award of attorney fees and litigation costs.
Finally, the Clayton Act provides that the court shall award attorney fees if the plaintiff substantially prevails, while the Public Officers Law provides that the court may assess attorney’s fees if the plaintiff substantially prevailed. The Public Officers Law involves the exercise of discretion and under the circumstances herein, the court exercises that discretion against the award of attorney’s fees and costs.
Both petitions are dismissed.