■ In the Matter of ELLEN FRIEDLAND, Appellant, v DONALD MALONEY, as Records Access Officer of the New York State Department of Correctional Services, et al., Respondents.— Mikoll, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered September 17, 1987 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition on the ground of mootness.

Through correspondence dated February 23, 1987, petitioner, a paralegal employed by Prisoners' Legal Services (hereinafter PLS), requested various documents under the Freedom of Information Law (hereinafter FOIL) (Public Officers Law art 6) from the Department of Correctional Services. The request was for any and all documents relating to budgeting, funding, expenditures, requests for funding and medical care at Bayview Correctional Facility, a medium security

prison for women in New York City, for the budget years 1986-1987 and 1987-1988.

It appears that immediate steps were taken by the Department to attempt to fulfill the request. Petitioner did not receive an acknowledgement of the request because the Department apparently was of the mistaken belief that PLS did not expect acknowledgements. However, efforts to find and assemble the various documents continued. Subsequently, in a letter dated March 16, 1987, petitioner appealed to the Department's FOIL appeals officer. The appeals officer's staff then began collection and review of documents assembled up to that date and contacted additional personnel to locate other documents. The Department was also processing and issuing 94 other appeal decisions during this time.

Not having received a determination of her appeal, petitioner commenced this CPLR article 78 proceeding on April 14, 1987, returnable May 22, 1987, seeking an order compelling release of the documents requested, costs and counsel fees. On May 21, 1987 the Department issued a determination of petitioner's appeal stating that the appeal was from a "constructive denial" of petitioner's request and that 45 pages of records would be forwarded to her. Adjournments were had in the court proceedings and eventually all documents were released by July 24, 1987. Subsequently, respondents moved to dismiss the petition on the ground that the matter was moot. Petitioner in response requested counsel fees. Supreme Court dismissed the petition and denied all relief, finding that petitioner had not established that she was entitled to an award of counsel fees under Public Officers Law § 89 (4) (c). This appeal ensued.

There should be an affirmance. Petitioner has failed to show that Supreme Court abused its discretion in denying her request for counsel fees.

Counsel fees may be recovered in a FOIL proceeding when a petitioner has "substantially prevailed", the record was "of clearly significant interest to the general public", and "the agency lacked a reasonable basis in law for withholding the record" (Public Officers Law § 89 [4] [c]). An award under this section is within the sound discretion of the trial court, and the court's determination should not be disturbed on appeal unless an abuse of that discretion is shown (see, Matter of McAndrew v Board of Educ., 120 AD2d 591, 592; see also, Matter of Kline & Son v Fallows, 124 Misc 2d 701, 705-707). Respondents' evidence demonstrated that the Department commenced working on petitioner's complex request on the

day it was received and was unable to sooner complete the task because of the difficulty in locating and assembling the extensive and complex records. Thus, it cannot be said as a matter of law that the Department released the documents and records because of the commencement of litigation. Petitioner failed to produce any evidence that respondents did not act in good faith. Rather, Supreme Court could properly find on this record that petitioner did not substantially prevail and was not entitled to counsel fees.

Judgment affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.