[605 NYS2d 785]

In the Matter of LEGAL AID SOCIETY OF NORTHEASTERN NEW YORK, INC., Respondent-Appellant, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Appellant-Respondent.

Third Department, December 30, 1993

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General,* Albany *(Frank K. Walsh* and *Nancy A. Spiegel* of counsel), for appellant-respondent.

*Lewis Steele,* Albany, for respondent-appellant.

### OPINION OF THE COURT

CREW III, J.

On July 12, 1991, petitioner filed a request under the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) for "copies of all [f]air [h]earing decisions, determinations, stipulated withdrawals, and/or findings issued by [respondent] during the period October 1, 1988 to date and with respect to [f]air [h]earings held in Schenectady County * * * wherein which Schenectady County either (a) withdrew the determination being challenged, or (b) was reversed by [respondent] after the hearing". In its request, petitioner stated that it had no objection to redacting from the requested records the appellant's last name, the hearing case number, the hearing request date, the hearing number, the date and location of the hearing, the name of the Administrative Law Judge presiding, and the names of the representatives for the

County and the appellant. According to petitioner, these records were requested to determine Schenectady County's compliance with applicable State and Federal social services laws and to assist in the preparation of a class action suit brought against the Schenectady County Department of Social Services in Federal court.

Petitioner was thereafter informed that the records in question were organized by program area, not geographic area, with the apparent implication being that access to Schenectady County fair hearing determinations, as a group or so identified, would not be permitted. Respondent's Records Access Appeals Officer affirmed the denial of petitioner's county-specific request for such records finding, *inter alia,* that redaction of the county name was necessary to maintain the confidentiality of public assistance applicants or recipients. Petitioner then commenced this CPLR article 78 proceeding* to annul respondent's determination. Supreme Court granted the petition as to the FOIL request but denied petitioner's request for counsel fees, and these cross appeals ensued.

■ Respondent acknowledges that fair hearing determinations are subject to disclosure *(see, e.g.,* 45 CFR 205.10 [a] [19]; State Administrative Procedure Act § 307 [3]), provided such documents have been redacted in accordance with applicable Federal and State statutes designed to preserve the confidentiality of public assistance records *(see, e.g.,* 42 USC § 602 [a] [9]; § 1396a [a] [7]; Social Services Law § 136 [2]; § 369 [4]) and, as noted previously, petitioner has consented to the deletion of certain identifying information from the records in question. Thus, the narrow issue before this Court on respondent's appeal is whether it is necessary to redact the county name from the requested records in order to maintain client confidentiality or, stated another way, whether the failure to redact such information would constitute an unwarranted invasion of personal privacy *(see,* Public Officers Law § 87 [2] [b]; § 89 [2]; State Administrative Procedure Act § 307 [3] [b]).

It is well settled that, under FOIL, agency records are presumptively available to the public unless the requested documents fall within one of the enumerated exemptions set forth in Public Officers Law § 87 (2) *(see, Matter of Capital*

---

* This is the second CPLR article 78 proceeding commenced by petitioner to obtain the subject records from respondent. Although petitioner prevailed in the prior proceeding it failed to submit a judgment in a timely fashion and Supreme Court (Conway, J.) thereafter issued an order dismissing the petition and declaring that the proceeding had been abandoned.

*Newspapers Div. v Burns,* 67 NY2d 562, 566; *Matter of Spencer v New York State Police,* 187 AD2d 919, 920). To that end, public agencies may deny access to records or portions thereof which, if disclosed, "would constitute an unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]; *see,* Public Officers Law § 89 [2] [b] [i]-[v]) and, further, are permitted to delete identifying details when records are made available to prevent such an invasion *(see,* Public Officers Law § 89 [2] [a]). FOIL exemptions are to be narrowly construed, however, and the agency seeking to prevent disclosure bears the burden of demonstrating the applicability of the particular exemption claimed *(see, Matter of Spencer v New York State Police, supra,* at 920; *Matter of Buffalo Broadcasting Co. v New York State Dept. of Correctional Servs.,* 174 AD2d 212, 215-216, *lv denied* 79 NY2d 759).

Here, respondent contends that the failure to redact the county name from the requested records *could* breach client confidentiality. Specifically, respondent asserts that because petitioner's request relates to fewer than 10 fair hearing determinations per month, an individual intent on discovering the particulars of a given case, known to have been held with respect to an identified individual, need only review 20 to 30 decisions to locate the case sought. Respondent further contends that once the identity of a public assistance applicant or recipient has been ascertained, other requestors, such as collection agencies, process servers or a former spouse, could use the information contained in the fair hearing determination to embarrass or harass the applicant or recipient in question. In our view, such speculation does not rise to the level of "a particularized and specific justification for denying access" to the records requested *(Matter of Capital Newspapers Div. v Burns, supra,* at 566). We are similarly unpersuaded that the county name must be redacted in order to maintain confidentiality of the records in accordance with applicable Federal and State statutes and regulations *(see, e.g.,* 42 USC § 602 [a] [9]; § 1396a [a] [7]; Social Services Law § 136 [2]; § 369 [4]). Accordingly, Supreme Court's ruling on this point was in all respects proper.

■ Turning to petitioner's cross appeal, it is well settled that "[a] party may receive counsel fees in a FOIL proceeding when it is established that (1) the petitioner substantially prevailed, (2) the record requested was of 'clearly significant interest to the general public', and (3) 'the agency lacked a reasonable basis in law for withholding the record' " *(Matter*

*of Powhida v City of Albany,* 147 AD2d 236, 238, quoting Public Officers Law § 89 [4] [c] [i], [ii]; *see, Matter of Friedland v Maloney,* 148 AD2d 814, 815). An award of fees, however, lies within the sound discretion of the trial court and, absent an abuse of that discretion, the court's determination will not be disturbed on appeal *(see, Matter of Friedland v Maloney, supra,* at 815). Assuming, without deciding, that petitioner has satisfied all three prongs of this test, we nevertheless perceive no abuse of discretion here and therefore decline to set aside Supreme Court's denial of counsel fees to petitioner.

WEISS, P. J., CARDONA, WHITE and CASEY, JJ., concur.

Ordered that the judgment is affirmed, without costs.