■ In the Matter of URAC CORPORATION, Appellant, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Respon-

dent. [636 NYS2d 480] —White, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered April 26, 1995 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition and denied petitioner's application for counsel fees.

Petitioner, a consulting firm which represents energy utility customers in this State, often requests information from respondent or the Department of Public Service under the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL). In 1994, petitioner made several FOIL requests directed to the Department, two of which related to information involving customer complaint procedures. Petitioner wrote several letters complaining about the lack of an expeditious response to its requests. Thereafter, in a letter dated September 15, 1994, the Department's records access officer responded to what he apparently thought was petitioner's amended request, although in fact there were two separate requests. Dissatisfied with this response, petitioner commenced this CPLR article 78 seeking to compel the Department's compliance with all of its FOIL requests. Apparently realizing its mistake, the Department then supplied the requested information to petitioner and this compliance was noted in the answer to the petition. Supreme Court, along with dismissing the petition as moot, denied petitioner's request for counsel fees pursuant to Public Officers Law § 89 (4) (c). This appeal by petitioner followed.

We affirm. It is well settled that "[a] party may receive counsel fees in a FOIL proceeding when it is established that (1) the petitioner substantially prevailed, (2) the record requested was of 'clearly significant interest to the general public', and (3) 'the agency lacked a reasonable basis in law for withholding the record' " (*Matter of Powhida v City of Albany*, 147 AD2d 236, 238, quoting Public Officers Law § 89 [4] [c] [i], [ii]; *see, Matter of Legal Aid Socy. v New York State Dept. of Social Servs.*, 195 AD2d 150, 153-154). Significantly, "even if all these requirements are met, an award of counsel fees is still discretionary (*see*, Public Officers Law § 89 [4] [c]) * * * [and] a court's determination should not be disturbed unless an abuse of discretion is shown" (*Matter of Powhida v City of Albany*, *supra*, at 238-239; *see, Matter of Cross-Sound Ferry Servs. v Department of Transp.*, 219 AD2d 346).

Here, Supreme Court found that the information requested was of significant interest to the public, thus satisfying the second criterion, but found that petitioner had not satisfied the remaining two criteria. On appeal, petitioner disputes Supreme Court's conclusion that all three criteria were not met in this

case. Nevertheless, even assuming that petitioner has satisfied all three of these criteria, we conclude that in light of evidence of confusion and possible misunderstanding involved in the Department's efforts to comply with petitioner's request, Supreme Court did not abuse its discretion in denying petitioner's request for counsel fees (see, Matter of Legal Aid Socy. v New York State Dept. of Social Servs., supra, at 154).

Cardona, P. J., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.