■ In the Matter of JAMES E., a Person Alleged to be in Need of Supervision, Respondent. ROSE E., Petitioner; SARATOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [770 NYS2d 196]—

Peters, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered January 28, 2003, which, in a proceeding pursuant to Family Ct Act article 7, directed Saratoga County Department of Social Services to pay the per diem rate for respondent's detention at Captain Youth & Family Services.

Petitioner, respondent's mother, brought this proceeding pursuant to Family Ct Act article 7 alleging that respondent was incorrigible, ungovernable and habitually disobedient. He appeared before Family Court on January 21, 2003 for a preliminary hearing, was remanded to the Saratoga County Department of Social Services (hereinafter DSS) and placed in detention pending further proceedings (see Family Ct Act § 739 [a] [i]). On January 24, 2003, Family Court extended its detention order until January 28, 2003 due to a finding of special circumstances (see Family Ct Act § 739 [b] [ii]).

On January 28, 2003, Family Court stated that since respondent had already admitted to the allegations in the petition, he would be remanded to detention pending a "dispositional hear-

tion by all parties (see CPLR 1003; New Medico Assoc. v Empire Blue Cross & Blue Shield, 267 AD2d 757, 758-759 [1999]).

ing."* But, after reviewing a favorable report from the detention center and engaging in a colloquy with respondent concerning his desire not to return to the facility in which he had been detained, it entered a different order. Without notice to DSS, Family Court ordered, pending the next hearing, that respondent be placed at Captain Youth & Family Services at DSS's expense. In February 2003, DSS received a payment voucher, along with a letter from Captain, requesting reimbursement. DSS appeals.

Family Ct Act § 255 "authorizes Family Court to direct officers and agencies to render assistance and cooperation which are in the best interest of a child and society in general, provided that the ordered assistance and cooperation are within the legal authority of the court and the agency and it furthers the object of the Family Court Act" (*Matter of Nathan S.*, 198 AD2d 557, 559 [1993]; *see Matter of Nicole JJ.*, 265 AD2d 29, 32 [2000], *lv denied* 95 NY2d 757 [2000]; *Matter of Edward M.*, 76 Misc 2d 781, 783-787 [1974], *affd sub nom. Matter of Murcray*, 45 AD2d 906 [1974]). Upon a filing of a petition pursuant to Family Ct Act article 7, if Family Court orders detention of a child (*see* Family Ct Act § 739 [a] [i]; [b]), it must be in a facility "certified by the division for youth" (Family Ct Act § 720 [3]). Here, without record evidence indicating that Captain satisfied the requirements of Family Ct Act § 720 (3) or that DSS was notified of and had the opportunity to be heard concerning such detention, we find the order requiring DSS to pay for respondent's detention at Captain to be in error. Although not a party to the proceeding, DSS should have been given notice and an opportunity to be heard (*see Matter of Remillard v Luck*, 2 AD3d 1179 [2003] [decided herewith]; *Matter of Support Collection Unit of Rensselaer County Dept. of Social Servs.*, 98 AD2d 904, 905 [1983]) "to ensure that the order is necessary and adequate to remedy the problem and not unreasonably burdensome to the officer or agency" to be held financially responsible (*Matter of Nathan S., supra* at 559; *see Matter of Edward M., supra* at 786-787).

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, without costs.

---

* The record does not contain a transcript indicating such admission or an order of fact finding.