In a proceeding pursuant to CPLR article 78 to compel the production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Bayne, J.), dated May 25, 2012, as granted the petition only to the extent of directing the respondent to disclose any and all written or otherwise recorded statements of any and all witnesses who testified at the trial in People v Yang-Hao Lu, commenced in the Supreme Court, Kings County, under indictment No. 9944/95, that constituted Rosario material (see People v Rosario, 9 NY2d 286 [1961]) pursuant to CPL 240.45 and which were not already disclosed in response to a prior FOIL request, and, in effect, denied his request for an award of an attorney’s fee and costs.
Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.
In a letter dated April 15, 2011, the petitioner, a prison inmate, made a request pursuant to the Freedom of Information Law (hereinafter FOIL) to the Kings County District Attorney’s Office (hereinafter the DA) for certain records relating to a case in which he was convicted of three counts of kidnapping in the first degree. The DA responded by letter dated April 19, 2011, stating that a response to the FOIL request would be provided by “approximately” October 19, 2011. When the promised response was not forthcoming, the petitioner, by letter dated December 7, 2011, appealed the DA’s “constructive denial” of his FOIL request. Receiving no response to his appeal within 10 days, as required by 21 NYCRR 1401.7 (f) (see Public Officers Law § 89 [4] [a]), the petitioner, by notice of petition dated April 25, 2012, commenced the instant proceeding pursuant to CPLR article 78, asserting a violation of the FOIL and seeking, inter alia, an order directing the DA to disclose the records requested. Thereafter, by letter to the petitioner dated May 7, 2012, the DA denied the FOIL request, on the ground *816 that it was duplicative of a FOIL request previously made on October 27, 2006.
In a judgment dated May 25, 2012, the Supreme Court granted the petition only to the extent of directing the disclosure of “any and all written or otherwise recorded statements of any and all witnesses” who testified at the petitioner’s trial that constituted Rosario material (see People v Rosario, 9 NY2d 286 [1961]) and “which were not already disclosed” in response to a prior FOIL request.
Contrary to the petitioner’s contention, under the circumstances presented, he was not entitled to disclosure of all of the records requested (see Matter of Rattley v New York City Police Dept., 96 NY2d 873 [2001]). Moreover, the Supreme Court did not improvidently exercise its discretion by, in effect, denying the petitioner’s request for an award of an attorney’s fee and costs pursuant to Public Officers Law § 89 (4) (c) (see Matter of URAC Corp. v Public Serv. Commn. of State of N.Y., 223 AD2d 906, 908 [1996]).
Eng, PJ., Rivera, Roman and LaSalle, JJ., concur.